WILLIAM K. HARRINGTON  　　　　　　　　　Hearing Date:  May 13, 2025
UNITED STATES TRUSTEE, REGION 2  　　　　Hearing Time: 10:00 a.m.
U.S. Department of Justice
Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, New York 10004
(212) 510-0500
By:　Greg M. Zipes, Esq.
　　　Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                                    :
In re                                                             :     Chapter 11
                                                                    :
YJ Simco LLC,                                             :
                                                                    :     Case No. 25-10437 (LGB)
                    Debtor.                                 :
------------------------------------------------------X

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon this Notice of Motion and the accompanying memorandum of law and the declaration of Greg M. Zipes, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), will move this Court before the Honorable Lisa G. Beckerman, United States Bankruptcy Judge, in the United States Bankruptcy Court, One Bowling Green, New York, New York 10004, on **May 13, 2025 at 10:00 a.m.**, or as soon thereafter as counsel can be heard, for an order converting, or, alternatively, dismissing the Chapter 11 case, and for such other and further relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE**, that the Motion will be heard through the Zoom for Government. Participants in the hearing are required to register their appearance by 4:00 p.m.

- 1 -

the day before the hearing utilizing the e-Court Appearances tool at

https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

**PLEASE TAKE FURTHER NOTICE** that any responsive papers should be filed with the Court and personally served on the United States Trustee, to the attention of Greg M. Zipes no later than seven (7) days prior to the return date set forth above. Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
       April 14, 2025

                    WILLIAM K. HARRINGTON,
                    UNITED STATES TRUSTEE

*By:*    */s/ Greg M. Zipes*
        Greg M. Zipes
        Trial Attorney
        Office of the United States Trustee
        Alexander Hamilton Custom House
        One Bowling Green, Room 534
        New York, New York 10004
        Tel. (212) 510-0500

# PROCEDURES FOR ALL HEARINGS BEFORE JUDGE BECKERMAN BEING HELD BY ZOOM VIDEO

The Zoom video hearing (the "Hearing") held in connection with this notice will be conducted in accordance with the procedures contained herein.

With respect to Hearings that are evidentiary hearings or trials, the procedures contained herein are subject to, and do not limit, the terms of any pre-trial order, scheduling order, or other order regarding the Hearings.

These procedures have been modified to comply with the revised policy, effective September 22, 2023, of the Judicial Conference of the United States concerning the public's remote access to civil and bankruptcy proceedings (the "Revised Policy"). Under the Revised Policy, the press and other public attendees ("Public Attendees") may only receive audio access to non-evidentiary Hearings when appearing remotely. For evidentiary hearings and trials, Public Attendees may not attend via remote means and should attend in-person in the courtroom. The Revised Policy does not affect the ability of case participants (e.g., parties-in-interest and their attorneys, witnesses, and interpreters) ("Case Participants") from attending Zoom Hearings using the platform's videoconferencing features.

All Case Participants and Public Attendees that wish to attend a Zoom Hearing (whether attending remotely or in-person) must register for the Hearing through the Electronic Appearance Portal ("eCourt Appearance Tool") located on the Court's website (https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl) by the deadlines set forth in Sections 2 and 3 below.

## PROCEDURES

1. **Audio and Videoconferencing Solutions.** The Hearing shall occur virtually using both audio and videoconferencing solutions as set forth herein. The Court shall utilize Zoom for Government (for audio and video purposes). The Court shall provide the Zoom link to the list of persons registered as Case Participants pursuant to the instructions set forth in Section 2 below and a Zoom dial-in number to Public Attendees who provide notice of their attendance to the Court pursuant to the instructions set forth in Section 3 below.

2. **Hearing Attendance by Case Participants.** All Case Participants must register for the Hearing through the eCourt Appearance Tool by no later than 4:00 p.m. (ET) one business day before the Hearing. Failure to register by the specified deadline will result in the Case Participant not being admitted to the Hearing. The Court will email the Zoom link to registered Case Participants after 4:00 p.m. (ET) one business day before the Hearing. Parties are strictly forbidden from circulating or sharing the Zoom link.

3. **Hearing Attendance by Public Attendees.** All Public Attendees who wish to dial-in to a Hearing where testimony is not expected must register for the Hearing through the eCourt

1

Appearance Tool by no later than 4:00 p.m. (ET) one business day before the Hearing. Failure to register by the specified deadline will result in the Public Attendee not being admitted to the Hearing. The Court will email the Zoom dial-in information to registered Public Attendees prior to the Hearing. Registered Public Attendees are strictly forbidden from circulating or sharing the Zoom dial-in information. Because Public Attendees cannot dial in to a Hearing where testimony is expected, Public Attendees may attend such a Hearing in person in the courtroom.

4.      **Courtroom Formalities.** Although being conducted using audio and videoconferencing on Zoom, the Hearing constitutes a court proceeding, and any recording other than the official court version is prohibited. No participant or attendee of the Hearing may record images or sounds of the Hearing from any location. All parties appearing before the Court must situate themselves in such a manner as to be able to view the video screen and be seen by the Court. For purposes of this Hearing, the parties must observe the formalities of a courtroom.

5.      **Submission of Exhibits and Demonstratives to Court.** If any of the parties intend to offer any exhibits at the Hearing or use any demonstratives at the Hearing, such party shall provide the Court (and file on ECF) a copy of the exhibits or demonstratives it will seek to use during the Hearing (either by offering it in evidence or using it for demonstrative purposes) no later than the deadline set forth in Judge Beckerman's Chambers Rules or the applicable scheduling or pre-trial order but in any event at least 24 hours before the Hearing.

6.      **Checking in for Hearing.** Because of the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing must connect to the Hearing beginning half an hour before the scheduled start of the Hearing and no later than ten minutes before the Hearing start time. Failure to connect to the Hearing at the indicated time may result in significant delays to the start of the Hearing. When signing into Zoom for Government, participants must type in the first and last name that will be used to identify them at the hearing, and the party they represent (i.e., Jane Doe, Debtor's Counsel). Participants who type only their first name, a nickname, or initials will not be admitted into the hearing. When seeking to connect for video participation in a Zoom for Government hearing, participants will first enter a waiting room in the order in which the participants seek to connect. Court personnel will admit each person to the Hearing from the waiting room after confirming the person's name (and telephone number, if a telephone is used to connect) provided to the Court in accordance with Sections 2 and 3 above. You may experience a delay in the waiting room before you are admitted to the Hearing. Once admitted, please turn off your video and mute the microphone on Zoom until the Court calls your matter.

7.      **Retention of Jurisdiction.** The Court retains jurisdiction with respect to all matters arising from or related to these procedures.

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
U.S. Department of Justice
Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, New York 10004
(212) 510-0500
By:    Greg M. Zipes, Esq.
       Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
In re                                                   :    Chapter 11
                                                        :
YJ Simco LLC,                                           :
                                                        :    Case No. 25-10437 (LGB)
                                                        :
                    Debtor.                             :
--------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION TO CONVERT THIS CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7, OR IN THE ALTERNATIVE, TO DISMISS THIS CASE**

**TO THE HONORABLE LISA G. BECKERMAN,
UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee") files this motion (the "Motion") pursuant to 11 U.S.C. § 1112(b) for an order converting the case of YJ Simco LLC (the "Debtor") to a case under chapter 7, or in the alternative, dismissing this chapter 11 case. In support thereof, the United States Trustee represents and alleges as follows:

- 1 -

## INTRODUCTION

This Debtor is a poster child example of a debtor that does not abide by its fiduciary duties as a debtor-in-possession. The Debtor indirectly owns operating entities, and the Debtor is receiving the benefits of the automatic stay. But the Debtor is meeting none of its bankruptcy related obligations. Most basically, it has failed to file schedules within the statutory time period. Although an artificial entity, the Debtor has failed to file an application to retain counsel.

In addition, the Debtor has also failed to provide: (i) proof of insurance; (ii) proof that its prepetition bank account has been closed and that it opened a debtor-in-possession bank account; (iii) copies of all bank statements for all accounts for the 90 days prior to the Petition Date; and (iv) proof of certificates and licenses required by federal, state and local law for the operation of the Debtor's business. Lastly, a representative of the Debtor's representative failed to appear at the 341(a) meeting on April 9, 2025.

Accordingly, cause exists to convert or dismiss this case pursuant to 11 U.S.C. § 1112(b)(4)(B) and (C). The United States Trustee recommends conversion for the reasons set forth below.

## BACKGROUND

1. On March 9, 2025 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition (the "Petition") under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). ECF No. 1. No trustee, examiner, or official committee of unsecured creditors has been appointed in this case.

2. The Debtor is engaged in the business of owning entities that own real estate. See Affidavit Pursuant to Local Bankruptcy Rule 1007-2 (the "LBR Affidavit"), ECF No. 2 at ¶ 2.

See Zipes Decl. Ex. A.

3.  The Debtor indicates that it has an interest in the following entities, all subject to a UCC foreclosure sale:

> a. 1055 Park Avenue [Unit 1] New York, NY 10028 (Owned by 1055 Park Ave 1 LLC); LBR Affidavit at ¶ 8.
>
> b. 1055 Park Avenue [Unit PH], New York, NY 10028 (Owned by 1055 Park Ave PH LLC).  LBR Affidavit at ¶ 8.

4.  The docket reflects that the Debtor has not filed schedules and has not sought an extension of time to file schedules.  See Zipes Decl. at ¶ 6.

5.  The Petition was signed by David Goldwasser as "Chief Reorganizing Officer."  See Zipes Decl. at ¶ 2.

6.  The Debtor is represented by Charles Wertman, as counsel, who signed the Petition.  However, the docket reflects that Mr. Wertman has not submitted a retention application. See Zipes Decl. at ¶ 3.

**United States Trustee Attempts to Obtain Debtor
Compliance With its Fiduciary Duties**

7.  The United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 Debtors and Trustees (the "Operating Guidelines") require that all debtors must provide to the United States Trustee (a) proof of insurance; (b) proof that its prepetition bank account has been closed and that it opened a debtor-in-possession bank account; (c) copies of all bank statements for all accounts for the 90 days prior to the Petition Date; and (d) certificates and licenses required by federal, state and local law for the operation of the Debtor's business.  See Zipes Decl. at ¶ 10.

8. To date, the Debtor has failed to comply with the Operating Guidelines. The Debtor has not filed or submitted to the United States Trustee the documents required by the Operating Guidelines (the "Missing Documents"). See Zipes Decl. at ¶ 11.

9. The 341(a) Meeting of Creditors (the "341 Meeting") was scheduled for April 9, 2025. There was no appearance by the Debtor representative, although Debtor's counsel did appear. See Zipes Decl. at ¶ 12.

## ARGUMENT

**Conversion or Dismissal is Appropriate Under 11 U.S.C. § 1112(b)**

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the court shall convert a case under [Chapter 11] to a case under chapter 7 or dismiss [it] …, whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1) (emphasis added). Under this provision, the court may find cause in the following circumstances, among others:

(B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

11 U.S.C. § 1112(b)(4)(B) and (C).

"Cause" to convert or dismiss, however, is not limited to the expressly enumerated provisions of the statute. See In re BH S&B Holdings, LLC, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010) (stating that the sixteen examples of events that may constitute cause in §1112(b)(4) are "'not exhaustive' and courts are free to consider other factors"); In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006) (noting "the Court may dismiss a

- 4 -

Chapter 11 case for reasons other than those specified in section 1112(b) as long as those reasons satisfy 'cause'"). The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. In re The 1031 Tax Group, LLC, 347 B.R. 78, 93 (Bankr. S.D.N.Y. 2007).

The burden of showing whether cause exists to convert or dismiss a case rests with the moving party. In re Lizeric Realty Corp., 188 B.R. 503 (S.D.N.Y. 1995). Once "cause for relief is shown, the Court has broad discretion to either convert or dismiss the Chapter 11 case" whichever is in the best interest of the creditors and the estate. In re AdBrite Corp., 290 B.R. 209, 215 (S.D.N.Y. 2003) (citing In re Koerner, 800 F.2d 1358, 1368 (5th Cir. 1986)).

**B.      Cause Exists to Convert or Dismiss This Case**

  **1.      The Debtor has Committed Gross Mismanagement**

Section 1112(b)(4)(B) provides that cause to dismiss or convert a case exists where there is "gross mismanagement of the estate." 11 U.S.C. §1112(b)(4)(B). As a debtor-in-possession, the Debtor and its insiders owe fiduciary duties to its creditors and are obligated to follow the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. *See* In re G–I Holdings, Inc., 385 F.3d 313, 319 (3d Cir.2004); see also In re Halal 4 U LLC, No. 08-15216 (MG), 2010 WL 3810860, at *4 (Bankr. S.D.N.Y. Sept. 24, 2010) (noting that "this duty encompasses a responsibility to keep the Court and other parties apprised of the Debtor's business operations"). The apparent misuse of estate funds without any record and explanation bespeaks of a serious disregard of fiduciary duties by the Debtor's management. "Failure of a debtor to properly report income and expenses constitutes evidence 'gross mismanagement' under 1112(b)(4)(B)." In re Domiano, 442 B.R. 97, 105 (Bankr. M.D. Pa. 2010) (citing Halal

- 5 -

, 2010 WL 3810860, at *4); In re Weiss Multi-Strategy Advisers LLC, No. 24-10743 (MG), 2024 WL 2767893, at *11 (Bankr. S.D.N.Y. May 29, 2024) (providing that "failures to make proper disclosures constitute 'gross mismanagement.'"); In re Republic, LLC, No. 18-50631 (JAM), 2018 WL 3203869, at *5 (Bankr. D. Conn. June 26, 2018) (finding evidence of gross mismanagement where the debtor could not provide information on their source of income).

Here, the Debtor is demonstrating gross mismanagement. **First**, it has failed to file the Missing Documents, even though the statutory time for it to do so has passed. See Dkt. No. 1. **Second**, it has failed to file its Bankruptcy Rule 2015.3 statement, even though the Debtor owns businesses which the Debtor avers have significant equity. See Zipes Decl. at ¶ 8. **Third**, the Debtor's CRO has experience with bankruptcies and their requirements, having signed numerous petitions in the past, and therefore there can be no mistake or confusion about the Debtor's obligations. **Fourth**, the Debtor has not obtained insurance in connection with various businesses. **Fifth**, the Debtor's representative has failed to appear for the 341 Meeting. **Sixth**, the Debtor has failed to properly retain counsel. All of these factors by themselves and certainly collectively constitute gross mismanagement

### 2. The Debtor Has Not Provided Proof of Insurance

The failure to maintain appropriate insurance is important enough by itself to be a cause for the conversion or dismissal of the Debtor's case. 11 U.S.C. §1112(b)(4)(C); Derivium Capital LLC v. U.S. Trustee (In re Derivium Capital LLC), No. 5 Civ. 10845 (CLB), 2006 WL 1317021, *11 (S.D.N.Y. May 12, 2006) (affirming the bankruptcy court's decision to convert a chapter 11 case partially because the debtor lacked proper insurance coverage); In re Van Eck, 426 B.R. 54, 60-61 (Bankr. D. Conn. 2010) (finding that cause existed in part, because the debtor failed to

show that there was insurance on residential property he owed).  Here, the Debtor has failed to provide the United States Trustee with insurance for the businesses.  See Zipes Decl. at ¶ 10.  At least according to the LBR 1007 Affidavit, the Debtor has Membership Interests in:

i. 1055 Park Ave 1 LLC (Value: $4.75MM, Debt: $3.3MM)

ii. 1055 Park Ave PH LLC (Value: $4.5MM, Debt: $2.7MM)

LBR Affidavit at ¶ 8.

These property interests may not be insured.  As stated, no proof of insurance was sent to the United States Trustee. Therefore, cause exists to convert or dismiss the Debtor's case under 11 U.S.C. §1112(b)(4)(C).

**C.     The United States Trustee Recommends Conversion**

As set forth above, cause exists to convert or dismiss this case.  As stated, the Debtor has failed to file the Missing Documents.  Further, the Debtor appears to have sufficient assets to pay its financial obligations, at least as it has reported under oath in its LBR Affidavit at ¶ 8. Because an investigation is appropriate, conversion of the case to one under Chapter 7 is appropriate.

## CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting this Chapter 11 case to a case under Chapter 7, or in the alternative, dismissing this Chapter 11 case, pursuant to 11 U.S.C. § 1112(b), and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
April 14, 2025

                                                                       Respectfully submitted,

                                                                        WILLIAM K. HARRINGTON
                                                                        UNITED STATES TRUSTEE

                        By:     /s/ *Greg M. Zipes*
                                  Greg M. Zipes
                                  Trial Attorney
                                  One Bowling Green, Room 534
                                  New York, New York 10004-1408
                                  212-510-0500