WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
U.S. Department of Justice
Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, New York 10004
(212) 510-0500
By:    Greg M. Zipes, Esq.
        Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                              :
In re                                  :        Chapter 11
                                              :
YJ Simco LLC,                  :
                                             :        Case No. 25-10437 (LGB)
                 Debtor.          :
-------------------------------------------------------X

**DECLARATION IN SUPPORT OF THE UNITED STATES TRUSTEE'S
MOTION TO CONVERT THIS CHAPTER 11 CASE TO A CASE UNDER
CHAPTER 7, OR IN THE ALTERNATIVE, TO DISMISS THIS CASE**

Pursuant to 28 U.S.C. § 1746, Greg M. Zipes, declares as follows:

I am a Trial Attorney for movant, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"). On his behalf, I am responsible for monitoring the chapter 11 case of YJ Simco LLC (the "Debtor"), captioned above. I make this declaration based on personal knowledge, information and belief formed from records of the Office of the United States Trustee, kept in the ordinary course of its business, and on my personal review earlier today of the docket of this case on the ECF/CM information system. I submit this Declaration in support of the United States Trustee's Motion to Convert or Dismiss these Cases (the "Motion"):

1. On March 9, 2025 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition (the "Petition") under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). ECF No. 1.

2. The Petition was signed by David Goldwasser as "Chief Reorganizing Officer."

3. The Debtor is represented by Charles Wertman, as counsel, who signed the Petition. However, the docket reflects that Mr. Wertman has not filed a retention application.

4. No trustee, examiner, or official committee of unsecured creditors has been appointed in this case.

5. The Debtor states that it is engaged in the business of owning entities that own real estate. See Affidavit Pursuant to Local Bankruptcy Rule 1007-2 (the "LBR Affidavit"), ECF No. 2 at ¶ 2. A copy of the LBR Affidavit is attached as Exhibit A.

6. The docket reflects that the Debtor has not filed schedules and has not sought an extension of time to file schedules.

7. The docket also reflects that the Debtor has not filed a Bankruptcy Rule 2015.3 statement, which is a requirement when a debtor "holds a substantial or controlling interest" in another entity.

8. The Debtor indicates that it has an interest in the following entities, all subject to a UCC foreclosure sale:

   a. 1055 Park Avenue [Unit 1] New York, NY 10028 (Owned by 1055 Park Ave 1 LLC); LBR Affidavit at ¶ 7.

   b. 1055 Park Avenue [Unit PH], New York, NY 10028 (Owned by 1055 Park Ave PH LLC). LBR Affidavit at ¶ 7.

9. The United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 Debtors and Trustees (the "Operating Guidelines") require that all debtors must

provide to the United States Trustee with: (a) proof of insurance; (b) proof that the Debtor's prepetition bank account has been closed and that it opened a debtor-in-possession bank account; (c) copies of all bank statements for all accounts for the 90 days prior to the Petition Date; and (d) certificates and licenses required by federal, state and local law for the operation of the Debtor's business.

10. To date, the Debtor has failed to comply with the Operating Guidelines. Although the United States Trustee has requested documents, the United States Trustee has not received the following: (a) proof of insurance; (b) proof that the Debtor's prepetition bank account has been closed and that it opened a debtor-in-possession bank account; (c) copies of all bank statements for all accounts for the 90 days prior to the Petition Date; and (d) certificates and licenses required by federal, state and local law for the operation of the Debtor's business.

11. My records reflect that the 341(a) Meeting of Creditors (the "<u>341 Meeting</u>") was scheduled for April 9, 2025. That meeting was conducted by my colleague Rachael Siegel. There was no appearance by Mr. Goldwasser or any other principal of the Debtor, and so the meeting could not proceed. Mr. Wertman did appear. The 341 Meeting has been adjourned.

12. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 14th day of April, 2025, in New York, New York.

By: <u>/s/ Greg M. Zipes</u>
Greg M. Zipes
Trial Attorney