# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re                                               Case No.

    YJ Simco LLC,                               Chapter 11

                  Debtor.

---------------------------------------------------------x

**AFFIDAVIT OF DAVID GOLDWASSER**
**IN COMPLIANCE WITH LOCAL RULE 1007-2**

David Goldwasser, affirms under penalty of perjury:

1. I have been engaged as Chief Restructuring Officer ("CRO") by YJ Simco LLC (the "Debtor"). My engagement was formalized pursuant to an engagement agreement dated March 7, 2025. I have been retained to oversee and manage the Debtor's restructuring efforts during the Chapter 11 process due to my extensive experience navigating bankruptcy proceedings and managing complex restructuring cases. The Debtor does not possess this expertise internally and sought my appointment specifically to assist in preserving the company's rights and assets in this case.

2. The Debtor, YJ Simco LLC, is engaged in the business of owning entities that own real estate. It serves as a parent company overseeing various real estate investment and management entities. However, corporate governance challenges and internal disputes have significantly disrupted the Debtor's ability to maintain normal operations. Additionally, ongoing litigation related to these governance matters has created further operational uncertainty.

3. A UCC foreclosure sale is scheduled for April 2, 2025, which threatens the Debtor's ownership interests in key assets. This Chapter 11 filing is necessary to immediately halt the UCC sale and preserve asset value while restructuring efforts are undertaken.

4. Given these challenges, the Debtor has determined that seeking Chapter 11 bankruptcy protection is necessary to: a. stay the UCC foreclosure sale; b. preserve and protect assets while disputes related to management authority and financial control are resolved; c. ensure continuity of essential business functions, including vendor payments and project management; and d. facilitate negotiations with creditors to achieve a fair and equitable resolution.

5. The Debtor seeks to negotiate a resolution of these disputes so that it can either continue operations or implement an orderly restructuring process. Chapter 11 provides the best forum to protect the Debtor's interests and achieve an optimal resolution.

**Secured Creditor and Loan Information**

6. Secured Creditor:

   a. New York 555, LLC

   1688 Meridian Avenue, Suite 610, Miami Beach, Florida 33139

   b. Loan Amount: $6,000,000

   c. Collateral: Membership Interests in:

   i. 1055 Park Ave 1 LLC (Value: $4.75MM, Debt: $3.3MM)

   ii. 1055 Park Ave PH LLC (Value: $4.5MM, Debt: $2.7MM)

**Properties Subject to UCC Sale**

7. The following properties are subject to the UCC foreclosure sale:

   a. 1055 Park Avenue [Unit 1] New York, NY 10028 (Owned by 1055 Park Ave 1 LLC)

   b. 1055 Park Avenue [Unit PH], New York, NY 10028 (Owned by 1055 Park Ave PH LLC)

**Litigation Matters**

8. The Debtor is involved in the following litigation:

   a. 158055/2023: Jeffrey Simpson v. Jared Chassen, et.al.

   b. 654928/2024: Jared Chassen vs. Jeffrey Simpson et. ano.

**Creditors**

9. The Debtor has the following known creditors:

   a. American Express: $30,000

   b. Herrick Feinstein (Law Firm): $15,000.00.

**Chief Restructuring Officer (CRO Role)**

10. My role as CRO includes leading the Debtor through the bankruptcy process, protecting assets, and securing the Debtor's rights to purchase the properties at issue while addressing creditor concerns. My engagement as CRO complies with the Jay Alix Protocols, ensuring transparency and accountability in the engagement of restructuring professionals. The terms of my engagement have been fully disclosed in accordance with these protocols and applicable bankruptcy laws. My retention has been deemed necessary to bring experienced leadership to the Debtor's restructuring process and ensure compliance with all Chapter 11 obligations and requirements.

**Additional Disclosures Under Local Rule 1007-2**

11. Nature of Business: The Debtor is in the business of owning entities that own real property.

12. Pending Litigation: The Debtor is involved in the litigation referenced above.

13. Secured Debt: $6,000,000.00 owed to New York 555, LLC.

14. 30-Day Cash Flow Projection: Given the exigent circumstances, this will be submitted in compliance with applicable bankruptcy rules.

15. List of Creditors: A complete list will be provided within fourteen days per bankruptcy rules.

16. Assets & Liabilities: Full details will be included in the bankruptcy schedules.

17. Ownership Structure: Membership interests are held by Yael Simpson and Jeffrey Simpson, with Jeffrey Simpson as the managing member.

18. Books & Records: Now maintained by me as CRO in my Brooklyn office.

19. Employees: The Debtor has no current employees.

**Conclusion**

20. The Debtor is in full compliance with all applicable provisions of the Local Rules of the Bankruptcy Court for the Southern District of New York. The Debtor is prepared to provide any additional information required by the Court or any interested party.

Dated: March 9, 2025


/s/ *David Goldwasser*
David Goldwasser
Chief Restructuring Officer

# EXHIBIT B

**From:** Abriano, Victor (USTP)
**Sent:** Friday, April 4, 2025 8:26 AM
**To:** charles@cwertmanlaw.com
**Cc:** Siegel, Rachael E. (USTP) <Rachael.E.Siegel@usdoj.gov>; para legal <paralegal@cwertmanlaw.com>
**Subject:** YJ Simco, LLC - Case No. 24-10437-lgb - IDI Open Items
**Importance:** High

Dear Mr. Wertman,

Thank you for attending yesterday's IDI in the above matter. As you know, there are several open items that need to be provided to our office. Below is a listing of what I believe are the items in question:

- Please supply any available documentation pertaining to the asserted claims of the secured lenders.
- Please provide an accounting of all prepetition disbursements made by Mr. Jeffrey Simpson (managing member of the LLC) on behalf of the operating entities.
- Kindly provide information regarding the status of the Receiver that is to be assigned in conjunction with the State Court action.
- Please send us the index number/s for all relevant matters that have occurred in State Court.
- Kindly provide copies of the LLC Operating Agreement and any other documents pertaining to the business of the LLC, i.e., Certificate of Formation, Articles of Organization.
- Please file a Lar Dan Affidavit with the Court.
- Provide a 90-day budget.
- Provide evidence of a DIP account (Mr. Taub said Debtor will be opening the account with TD Bank).
- We need evidence of Insurance with the UST added for notice purposes, pertaining to the affiliated operating entities and to the Debtor. Please ensure that the parent/holding company, YJ Simco, LLC, obtains liability coverage as a minimum insurance requirement, and name the affiliated companies as additional insured parties. Please also add the Debtor to the insurance policy/s of the operating entities, as an additional insured.
- Provide the UST Checklist & Certifications.

- Provide the Certification of UST Operating Guidelines and Reporting Requirements.
- Provide the Optional Limited Waiver.

As mentioned yesterday, the 341 meeting is scheduled for April 9th. It would be appreciated if the above items can be addressed prior to that date.

Thank you for your attention and cooperation.

Victor

Victor Abriano
Auditor (Bankruptcy)
U.S. Department of Justice
Office of the United States Trustee – NY Office
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
212-510-0523
212-668-2255 fax
[Victor.abriano@usdoj.gov](mailto:Victor.abriano@usdoj.gov)