KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
200 West 41st Street, 17th Floor
New York, New York 10036
(212) 972-3000
Sean C. Southard, Esq.
ssouthard@klestadt.com

-and -

SCHWARTZ LAW PLLC
Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, New York 10038
347-460-5379
allen@allenschwartzlaw.com

*Counsel for Jared Chassen*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>YJ Simco, LLC,<br><br>Debtor. | No, 25-10437 (LGB)<br><br>Chapter 11 |

**JARED CHASSEN'S STATEMENT IN SUPPORT OF U.S. TRUSTEE'S
PREFERENCE TO CONVERT CASE TO CHAPTER 7**

Jared Chassen, a YJ Simco creditor, by and through his undersigned counsel, hereby provides this statement (the "Statement") in support of the United States Trustee's *Motion to Convert Chapter 11 Case to Chapter 7, or in the alternative, Motion to Dismiss* Case dated April 14, 2025 [Dkt. No. 7] (the "Motion"). As set forth below, Mr. Chassen agrees with the United States Trustee that between conversion and dismissal, conversion is the more appropriate remedy.

## STATEMENT

1. The United States Trustee recommends conversion because "an investigation is appropriate" in light of the Debtor's gross mismanagement. *See* ECF 7, United States Trustee's Memorandum in Support of Motion at 2; *see also id.* at 5-6. Mr. Chassen agrees and submits this statement to provide the Court with some additional information and to express his support of the United States Trustee's recommendation.

2. Mr. Simpson, YJ Simco's principal, has also been acting as the managing member of another entity, JJ Arch LLC.

3. Since August 2023, Mr. Simpson and Mr. Chassen, JJ Arch's other member, have been engaged in litigation over control of JJ Arch in New York County Supreme Court captioned *Simpson v. Chassen*, 158055/2023 (N.Y. Co.) (the "Corporate Control Action"). In March 2024, Mr. Simpson put JJ Arch into a unilateral bad-faith bankruptcy in defiance of orders entered in the Corporate Control Action that required Mr. Chassen's consent to a major decision such as a bankruptcy filing, with the bankruptcy later dismissed as a bad-faith filing by Judge Mastando in October 2024. *In re JJ Arch LLC*, 663 B.R. 258 (Bankr S.D.N.Y. 2024) (dismissing for bad-faith and gross mismanagement); *See also In re JJ Arch LLC*, 2024 Bankr. LEXIS 1347, at *33-47 (Bankr. S.D.N.Y. June 10, 2024) (finding that Mr. Simpson engaged in forum shopping).

4. In dismissing the bankruptcy, Judge Mastando found, among other things, that JJ Arch and Mr. Simpson failed to "adequately explain the contents of the April monthly operating report, which indicates that "approximately $13,000 [ ] passed through the Debtor in April ... $10,750 [of which] was directed to YJ Simco LLC, an entity controlled by and for the benefit of Mr. Simpson." *In re JJ Arch LLC*, 663 B.R. at 279. Further, Judge Mastando noted that this was

likely the tip of the iceberg with respect to Mr. Simpson's undisclosed and unexplained transfers from JJ Arch and its subsidiaries to YJ Simco:

> Mr. Simpson's testimony suggests that, in the past (and perhaps during this bankruptcy), Mr. Simpson, YJ Simco, and/or Non-AREH Entities have paid for expenses on the behalf of either the Debtor or its subsidiaries. [*See* 341 Transcript, Doc. 170-2, pp. 55–56] (where Mr. Simpson states that "when there's no other money from any other place, it would come from another corporate entity of mine or me personally ... [because] when monies have to be paid, and there is no other way to make money be paid ... it's got to come from some other entity"); *see also id.* at p. 53 ("There have been funds [from Non-AREH Entities] that have reimbursed me for loans that I have made to several of the [subsidiaries] in small amounts."); [Debtor SOFA, Doc. 32, p. 8] (indicating that the Debtor paid YJ Simco $38,000 within 90 days prior to this bankruptcy as a "[r]eimbursement for various loans that YJ Simco LLC has made to the [D]ebtor?s [sic] investment entity." ).

*Id.* at n. 38.

5.  Judge Mastando found that JJ Arch and Mr. Simpson had failed to fulfil their fiduciary disclosure obligations to both the Court and the parties. *Id.* at 279 (dismissing JJ Arch bankruptcy because JJ Arch and Mr. Simpson failed to fulfil their fiducial disclosure obligations, failing to timely file a single monthly operating report, open a debtor-in-possession account, explain the insider transfers to YJ Simco, or file the subsidiary report required by Bankruptcy Rule 2015.3).

6.  After the dismissal of the JJ Arch bankruptcy, Mr. Chassen moved the state court in the Corporate Control Action to appoint a temporary receiver over JJ Arch and the entities it controls, with the state court holding a two-day evidentiary hearing in February 2025. In expedited discovery in advance of that hearing, Mr. Chassen obtained YJ Simco's Chase Bank Statements

from May 2024 through January 2025 via a subpoena he issued to the bank.[1] These bank statements show that Mr. Simpson transferred additional undisclosed funds from a JJ Arch subsidiary, 1640 Motors LLC, to YJ Simco *during the JJ Arch bankruptcy*, and that he continued making such transfers after the bankruptcy dismissal.

7.  As explained in Mr. Chassen's post-hearing letter, Mr. Simpson made these transfers to YJ Simco while failing to pay the lease, taxes, and debt servicing for these jointly owned entities, leaving those entities unable to pay creditors. *See* Exhibit 2, Mr. Chassen's Post-Hearing Letter. The state court granted Mr. Chassen's motion and appointed a temporary receiver over the JJ Arch entities from which Mr. Simpson was siphoning funds to YJ Simco, namely JJ Arch and the entities it controls. *See* Exhibit 3, Order Appointing Temporary Receiver.

8.  In addition to the reasons stated by the United States Trustee, the Court should appoint a trustee to investigate, rather than dismiss, because these fraudulent and undisclosed transfers warrant further investigation for the benefit of creditors.

---

[1] Mr. Chassen annexes hereto as Exhibit 1 the YJ Simco bank statements obtained during discovery. Chase Bank's production of bank statements is still ongoing.

## **CONCLUSION**

9.      For the foregoing reasons, Mr. Chassen agrees with the United States Trustee that conversion is more appropriate than dismissal.

Dated: May 8, 2025

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

*/s/ Sean C. Southard*

Sean C. Southard
200 West 41st Street, 17th Floor
New York, New York 10036
ssouthard@klestadt.com
bscott@klestadt.com

-and-

**SCHWARTZ LAW PLLC**

Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, New York 10038
347-460-5379
allen@allenschwartzlaw.com

*Counsel for Jared Chassen*