**jsimpson001@icloud.com**

| | |
|---|---|
| **From:** | Zipes, Greg (USTP) <Greg.Zipes@usdoj.gov> |
| **Sent:** | Friday, May 30, 2025 8:36 AM |
| **To:** | Benjamin Robert Rajotte |
| **Cc:** | gremesser@aol.com; Gary Herbst; Jacqulyn Loftin; Siegel, Rachael E. (USTP); Jeffrey Simpson; 'David Goldwasser'; yael simpson |
| **Subject:** | RE: In re: YJ Simco, Case #1:25-bk-10437 (LGB): Extension Request |

I am taking the Court off this email. This case converted to one under Chapter 7. Gregory Messer is the chapter 7 trustee.

Respectfully, unless I am missing something, this is not proper request to the Court for any number of reasons. You should withdraw this request as you deem it appropriate.

I am likely not to respond to further emails, as I have stated all I should here.

Respectfully,

Greg M. Zipes
Trial Attorney
Office of the United States Trustee – New York Office
Alexander Hamilton Custom House
One Bowling Green, Suite 515
New York, New York 10004
212-510-0500

---

**From:** Benjamin Robert Rajotte <rajb@mllg.nyc>
**Sent:** Thursday, May 29, 2025 10:31 PM
**To:** beckerman.chambers@nysb.uscourts.gov; Chantel_Barrett@nysb.uscourts.gov
**Cc:** gremesser@aol.com; Gary Herbst <gfh@lhmlawfirm.com>; Jacqulyn Loftin <jsl@lhmlawfirm.com>; Siegel, Rachael E. (USTP) <Rachael.E.Siegel@usdoj.gov>; Zipes, Greg (USTP) <Greg.Zipes@usdoj.gov>; Jeffrey Simpson <jsimpson001@icloud.com>; 'David Goldwasser' <dgoldwasser@fiacp.com>; yael simpson <ysimpson78@icloud.com>
**Subject:** [EXTERNAL] In re: YJ Simco, Case #1:25-bk-10437 (LGB): Extension Request

The Honorable Lisa G. Beckerman
United States Bankruptcy Judge
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, New York 10004

Dear Your Honor:

On behalf of Debtor YJ Simco, we respectfully write to request a two-week extension for my client's submission of corrected Schedules, which are due today in this action.

My admission to this District and ECF access is pending. I apologize for sending this email directly to Chambers,

Thank you for considering our request.

Respectfully submitted,

**MAIDEN LANE LAW GROUP**
Benjamin Robert Rajotte, Esq.
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669
rajb@mllg.nyc

---

**From:** Gary Herbst <gfh@lhmlawfirm.com>
**Sent:** Thursday, May 29, 2025 9:56:57 PM
**To:** Benjamin Robert Rajotte <rajb@mllg.nyc>
**Cc:** Jacqulyn Loftin <jsl@lhmlawfirm.com>; Jeffrey Simpson <jsimpson001@icloud.com>
**Subject:** Re: Status Update and Extension Request

The trustee has no objection to an extension to file schedules but that requires the court to approve that.
Gary

On May 29, 2025, at 9:31 PM, Benjamin Robert Rajotte <rajb@mllg.nyc> wrote:

**EXTERNAL EMAIL – USE CAUTION**

Good Evening Mr. Herbst and Ms. Loftin:

We bring to your attention the latest twist in this complex matter, and to request a brief two-week extension of the Schedules due in the YJ Simco bankruptcy action. Please forgive the lateness of my email.

The action in <u>Simpson v. Chassen</u>, Index #158055/2023 (NY Supr. Ct., NY County), which has continued during the JJ Arch bankruptcy appeal, was just remanded back before the Commercial Division because plaintiffs cannot generally invoke removal. We believe that this is based on a misnomer in the caption, because when Oak intervened two months into the case, it immediately sought a complete receivership over all JJ Arch assets and Simpson's role became, and now remains, defensive. We intend to prove that the receivership is retaliatory.

For purposes of the YJ Simco bankruptcy, we believe that YJ Simco is the legitimate owner of 1640 Montauk LLC and 1640 Motors LLC by written agreement between JJ Arch, Simpson, Chassen, and YJ Simco. A dispositive finding in this way would automatically confer stay protections for the directly owned entities of the Debtor. In addition, if we look at Mr. Simpson's shares of ownership in the East 89th Street property, he also transferred his membership interests to YJ Simco for the purposes of keeping the interest with himself and his spouse, Yael.

These are two of the four assets in the revived JJ Arch receivership, and the battle is highly contentious. We have evidence that the receiver was not installed in good faith by Mr. Chassen, and he lacked standing at the time, and has been texting Simpson messages meant to highlight the demise of Rever.

Moreover, we believe that that both Messrs. Huebscher's and Chassen's legal fees are likely being paid for, or are guaranteed to be paid for, by 35 Oak Holdings Ltd., as a non-movant and uncaptioned adversary driving this litigation and trying to avoid the Bankruptcy Court at all costs — regardless of what we have grounds to allege for an evidentiary hearing, it is critical to note that there has been no reporting of any legal fees paid to either party despite the express fiducial requirements of public disclosure, express Court approval, and the filing of all commissions and expenditures with the Office of Court Administration, under 22 NYCRR Part 36.

On a forthcoming motion, we intend to show that Mr. Chassen perjured himself before the Bankruptcy Court. We intend to prove that the receivership is a fraud. A receiver is entitled to 5% commission of corporate funds managed under CPLR § 8004. We simply ask, where is the money for these and other expenditures coming from. Employees have informed us directly that Receiver Huebscher is soliciting them, and promising to pay them, to "help" him remove property and dispose of assets. They are mostly Spanish-speaking, and understandably scared of not complying. It is unquestionable that a receiver's acts are supposed to be closely monitored as a quasi-judicial officer to protect the business. Here, he is trying to destroy it, and sell the land and property for millions — despite fiduciary duties to do just the opposite, and in direct contravention of overlapping federal jurisdiction.

We anticipate seeking a stay of the State Court proceedings as they relate to the receivership in either the YJ Simco or JJ Arch Bankruptcy Courts on grounds of fraud and perjury. This is a complicated matter, and I apologize for not being able to be clearer at this time. Consistent with my note from last week, whatever steps taken will be done so entirely deliberatively and in lockstep with all decorum and procedures due for advocacy in the Federal Courts.

Our resources are limited but we are continuing, and my services are pro bono at the moment. For this reason, we relatedly are compelled to ask for an extension of today's deadline to update the Schedules due in this matter. I should note that I will be at the Southern District tomorrow morning to take whatever steps may be possible to facilitate the District's adjudication of my admission paperwork so that my firm may make prompt appearances in all matters of federal concern in addition to the cases involving Simpson in the State Court.

Respectfully,

**MAIDEN LANE LAW GROUP**
Benjamin Robert Rajotte, Esq.
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669
rajb@mllg.nyc

4