**jsimpson001@icloud.com**

| | |
|---|---|
| **From:** | Jeffrey Simpson <jsimpson001@icloud.com> |
| **Sent:** | Wednesday, July 23, 2025 5:29 PM |
| **To:** | Jacqulyn Loftin |
| **Cc:** | Benjamin Robert Rajotte |
| **Subject:** | Fwd: YJ Simco/Access to 1055 Park Ave |

Was this not clear enough to motivate a conversation?   This is over six weeks ago.
No, you don't walk on water because you are representing a trustee.   You need to respect me and I will respect you.

Jeffrey Simpson

Sent from my iPhone

Begin forwarded message:

> **From:** Jeffrey Simpson <jsimpson001@icloud.com>
> **Date:** June 3, 2025 at 3:21:20 PM EDT
> **To:** Gary Herbst <gfh@lhmlawfirm.com>
> **Cc:** Jacqulyn Loftin <jsl@lhmlawfirm.com>, Benjamin Robert Rajotte <rajb@mllg.nyc>, gremesser@aol.com
> **Subject: Re: YJ Simco/Access to 1055 Park Ave**
>
> This does not clear anything.   If you read the notes that I prepared for you I told you clearly that I was aware of the pledge agreement.   This is not ownership this is simply a document that's in addition to the other loan documents that are part of the loan file.   I clearly articulated that this was done in error and it should have a different entity on it and I offered to change those entities by providing a new pledge agreement to the lender.   I also informed you that if you look at the loan documents there's a 90 day standstill period from any event of default, none of which was papered.   So the motions are meaningless other than I'm being attacked constantly and I wish you could see the light here.   There are plenty of assets at YJ that are currently being deteriorated, this is the focus that I hope you will start to see soon.   Again, more than happy to have this dialogue in front of the Judge.   It is not unusual for an outside trustee or receiver to try to grab onto things for them to make the most money.   Your constant follow up, which ignores key facts makes me seriously concerned about intentions here.
>
> Mr. Rajotte is not available right now, I cannot reach him.   Unless you and him work something out, there's nothing more to discuss here until we have a dialogue with the Court.   I was hopeful that this experience was going to be better than the others and due process would actually occur here but that does not look like the intentions at all.   I sincerely hope I'm wrong.
>
> Jeffrey Simpson

1

Sent from my iPhone

On Jun 3, 2025, at 3:15 PM, Gary Herbst <gfh@lhmlawfirm.com> wrote:

Mr. Simpson and Mr. Rajotte,
Please see exhibit J to the annexed motions. Hopefully this clears this issue up.
Again please provide us with the available dates for access. Thank you Gary Herbst.

**Gary F. Herbst, Esq., Member**

<image001.jpg>

3305 Jerusalem Avenue
Wantagh, New York 11793
Tele. (516) 826-6500, ext. 223 | Fx. (516) 826-0222
www.lhmlawfirm.com

This message originates from the law firm of LaMonica Herbst & Maniscalco, LLP. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based upon a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to LaMonica Herbst & Maniscalco, LLP.

**From:** Jeffrey Simpson <jsimpson001@icloud.com>
**Sent:** Tuesday, June 3, 2025 2:55 PM
**To:** Gary Herbst <gfh@lhmlawfirm.com>
**Cc:** Jacqulyn Loftin <jsl@lhmlawfirm.com>; Benjamin Robert Rajotte <rajb@mllg.nyc>; gremesser@aol.com
**Subject:** Re: YJ Simco/Access to 1055 Park Ave

**EXTERNAL EMAIL – USE CAUTION**

Yes, we've said several times that the petitions were not done correctly. The attorney disappeared on us and all filed by the CRO and he had intentions to change everything per my flagging the issues and that never happened . The request in the court to dismiss the case so that we can re-file it properly. Since that did not happen, that is why we asked for the extension

to organize all sufficiently backed up.   The ownership of the units is as follows and you can check ACRIS to confirm:

1055 Park Ave PH
1055 Park PH LLC
I am the sole member

1055 Park Ave unit 1
1055 Park 1 LLC
I am the sole member

I have found evidence that we shared with the IRS to confirm this in 2021.   This was on the dropbox I received on May 20 2025.
I respectfully refute the trustee has authority over either one of these units.   We are happy to have discussions in the Court if that will be necessary.

I've tried to explain this but my life has been turned upside down as I've been victimized by theft and malfeasance by former partners.  The fact that they shared the documents that were on my server just a few weeks ago is in indicative of what we're dealing with here.

I believe it Mr. Rajotte's intention to course correct as quick as we can with the courts.   Frankly, you are going down the wrong path here and I've tried to explain this.   We are having this experience with a Receiver, Eric Heubscher regarding the JJ Arch assets, they are subject to bankruptcy appeal.   Once trustees and receivers start entering properties, there is risk that there is no turning back so unless we are sure here, I'm going to look for the court to confirm these requests.

Thank you for your understanding and I'm happy to engage in a phone call or meeting if you'd like to discuss all.


Jeffrey Simpson

Sent from my iPhone



> On Jun 3, 2025, at 2:43 PM, Gary Herbst <gfh@lhmlawfirm.com> wrote:
>
> Mr. Simpson
> Sorry here are the dates below. As for the issues of ownership and the estates interest in the two properties those were listed on the

3

Petition. Further the Debtor was listed as the pledgor in the loan documents filed that were annexed to the motions for relief from stay. So the Trustee needs to visit the properties. We can certainly discuss but please make arrangements for the Trustee to visit the properties on one of the dates. Thank you. Gary Herbst

**Monday, June 9 @ 11:00 a.m.,**
**Wednesday, June 11th any time before 2pm**
**Thursday, June 12th all day**
**Monday June 16 all day**
**Thursday, June 19 all day**

_____

**Gary F. Herbst, Esq., Member**

<image001.jpg>

3305 Jerusalem Avenue
Wantagh, New York 11793
Tele. (516) 826-6500, ext. 223 | Fx. (516) 826-0222
www.lhmlawfirm.com

This message originates from the law firm of LaMonica Herbst & Maniscalco, LLP.  The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based upon a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413.  Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited.  If you have received this message in error, please advise the sender by immediate reply and delete the original message.  Personal messages express views solely of the sender and are not attributable to LaMonica Herbst & Maniscalco, LLP.

**From:** Jeffrey Simpson <jsimpson001@icloud.com>
**Sent:** Tuesday, June 3, 2025 2:20 PM
**To:** Gary Herbst <gfh@lhmlawfirm.com>
**Cc:** Jacqulyn Loftin <jsl@lhmlawfirm.com>; Benjamin Robert Rajotte <rajb@mllg.nyc>; gremesser@aol.com
**Subject:** Re: YJ Simco/Access to 1055 Park Ave

**EXTERNAL EMAIL – USE CAUTION**

I do not see any dates but I ask the same question as I have prior.  If you'd like to schedule a call, we could do that.  The updated schedules will reflect what is part of this and what is not.  We do not believe each one of these units are part of the

4

YJ Simco estate.  As I suggested prior the only thing I find that connects it is a pledge agreement that appears to have the wrong entity name.  There are no ACRIS forms or anything else that illustrate a  transfer.  It was something that I contemplated doing but I realized when I got my files in late May that it was not possible because of prior lender requirements.   I illustrated it to you that we notified the IRS of the ownership structure for each of these units, which is not YJ Simco.

Jeffrey Simpson

Sent from my iPhone

> On Jun 3, 2025, at 1:54 PM, Gary Herbst <gfh@lhmlawfirm.com> wrote:
>
> Mr. Simpson,
> Below are the dates that the trustee is available to visit the property. Please advise what dates works. Thank you. Gary Herbst
>
> _____
> **Gary F. Herbst, Esq., Member**
>
> <image001.jpg>
>
> 3305 Jerusalem Avenue
> Wantagh, New York 11793
> Tele. (516) 826-6500, ext. 223 | Fx. (516) 826-0222
> www.lhmlawfirm.com

This message originates from the law firm of LaMonica Herbst & Maniscalco, LLP.  The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based upon a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413.  Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited.  If you have received this message in error, please advise the sender by immediate reply and delete the original message.  Personal messages express views solely of the sender and are not attributable to LaMonica Herbst & Maniscalco, LLP.

**From:** Jeffrey Simpson <jsimpson001@icloud.com>
**Sent:** Friday, May 30, 2025 12:14 PM
**To:** Jacqulyn Loftin <jsl@lhmlawfirm.com>
**Cc:** Benjamin Robert Rajotte <rajb@mllg.nyc>; gremesser@aol.com; Gary Herbst <gfh@lhmlawfirm.com>
**Subject:** Re: YJ Simco/Access to 1055 Park Ave

**EXTERNAL EMAIL – USE CAUTION**

Good morning.

I am happy to coordinate but I'm curious as to the purpose when we illustrated that neither one of these assets are owned by YJ Simco.  The prior attorney that put the schedules in has disappeared on this case and wash their hands of anything so unfortunately there work product (in conjunction with CRO ) cannot be relied upon.

A glimpse of what you will see in the schedules is the chart I sent last week which showed membership interest in a variety of the Arch/JJ Arch Properties, one of those being the 146 E. 89th St. townhouse in New York City which was subject to the JJ Arch bankruptcy.  These were Jeffrey Simpson's membership interest that were transferred to YJ Simco in 2022 which has been illustrated on the record.  One of these properties is currently at risk of being disposed of, called Benner in Los Angeles.  I believe I sent a message on this as well.

6

Additionally we illustrated an agreement of August 1, 2023 whereby YJ SImco holds the shares of 1640 Montauk LLC and 1640 motors LLC.  These assets were also in affiliation with the JJ Arch bankruptcy and are now at risk of the receivership problem that Ben described.

The distinguishable difference is my shares at the highest tier of ownership at YJ and one tier down at JJ, which included my prior partner Jared Chassen, and a few others that were either family or employees but no outside investors (except 89th St).

Happy to explain in greater detail if you'd like.

Thank you.

Jeffrey Simpson

Sent from my iPhone

> On May 30, 2025, at 10:51 AM, Jacqulyn Loftin <jsl@lhmlawfirm.com> wrote:
>
> Ben/Jeff,

25-10437-lgb    Doc 45-9    Filed 07/24/25    Entered 07/24/25 15:32:23    Exhibit    Pg 8 of 16

We need to coordinate access to Unit 1 and the PH. I know Unit 1 is empty and PH has a tenant. How can the Trustee/his professionals get access? Please let me know and I will coordinate everyone.

Thanks,

Jacqulyn

---

**Jacqulyn S. Loftin, Esq., Partner**

<image001.jpg>

3305 Jerusalem Avenue
Wantagh, New York 11793
Tele. (516) 826-6500 | Fx. (516) 826-0222
www.lhmlawfirm.com

This message originates from the law firm of LaMonica Herbst & Maniscalco, LLP. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based upon a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to LaMonica Herbst & Maniscalco, LLP.

---

**From:** Benjamin Robert Rajotte <rajb@mllg.nyc>
**Sent:** Thursday, May 29, 2025 10:31 PM
**To:** beckerman.chambers@nysb.uscourts.gov; Chantel_Barrett@nysb.uscourts.gov
**Cc:** gremesser@aol.com; Gary Herbst <gfh@lhmlawfirm.com>; Jacqulyn Loftin <jsl@lhmlawfirm.com>; rachael.e.siegel@usdoj.gov; greg.zipes@usdoj.gov; Jeffrey Simpson

8

<jsimpson001@icloud.com>; 'David Goldwasser' <dgoldwasser@fiacp.com>; yael simpson <ysimpson78@icloud.com>
**Subject:** In re: YJ Simco, Case #1:25-bk-10437 (LGB): Extension Request

**EXTERNAL EMAIL – USE CAUTION**

The Honorable Lisa G. Beckerman
United States Bankruptcy Judge
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, New York 10004

Dear Your Honor:

On behalf of Debtor YJ Simco, we respectfully write to request a two-week extension for my client's submission of corrected Schedules, which are due today in this action.

My admission to this District and ECF access is pending. I apologize for sending this email directly to Chambers,

Thank you for considering our request.

Respectfully submitted,

**MAIDEN LANE LAW GROUP**
Benjamin Robert Rajotte, Esq.
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669
rajb@mllg.nyc

---

**From:** Gary Herbst <gfh@lhmlawfirm.com>
**Sent:** Thursday, May 29, 2025 9:56:57

PM
**To:** Benjamin Robert Rajotte <rajb@mllg.nyc>
**Cc:** Jacqulyn Loftin <jsl@lhmlawfirm.com>; Jeffrey Simpson <jsimpson001@icloud.com>
**Subject:** Re: Status Update and Extension Request

The trustee has no objection to an extension to file schedules but that requires the court to approve that. Gary

> On May 29, 2025, at 9:31 PM, Benjamin Robert Rajotte <rajb@mllg.nyc> wrote:
>
> **EXTERNAL EMAIL – USE CAUTION**
>
> Good Evening Mr. Herbst and Ms. Loftin:
>
> We bring to your attention the latest twist in this complex matter, and to request a brief two-week extension of the Schedules due in the YJ Simco bankruptcy action. Please forgive the lateness of my email.
>
> The action in Simpson v.

Chassen, Index #158055/2023 (NY Supr. Ct., NY County), which has continued during the JJ Arch bankruptcy appeal, was just remanded back before the Commercial Division because plaintiffs cannot generally invoke removal. We believe that this is based on a misnomer in the caption, because when Oak intervened two months into the case, it immediately sought a complete receivership over all JJ Arch assets and Simpson's role became, and now remains, defensive. We intend to prove that the receivership is retaliatory.

For purposes of the YJ Simco bankruptcy, we believe that YJ Simco is the legitimate owner of 1640 Montauk LLC and 1640 Motors LLC by written agreement between JJ Arch, Simpson, Chassen, and YJ Simco. A dispositive finding in this way would automatically confer stay protections for the

11

directly owned entities of the Debtor. In addition, if we look at Mr. Simpson's shares of ownership in the East 89th Street property, he also transferred his membership interests to YJ Simco for the purposes of keeping the interest with himself and his spouse, Yael.

These are two of the four assets in the revived JJ Arch receivership, and the battle is highly contentious. We have evidence that the receiver was not installed in good faith by Mr. Chassen, and he lacked standing at the time, and has been texting Simpson messages meant to highlight the demise of Rever.

Moreover, we believe that that both Messrs. Huebscher's and Chassen's legal fees are likely being paid for, or are guaranteed to be paid for, by 35 Oak Holdings Ltd., as a non-movant and uncaptioned adversary driving this litigation and

12

trying to avoid the Bankruptcy Court at all costs — regardless of what we have grounds to allege for an evidentiary hearing, it is critical to note that there has been no reporting of any legal fees paid to either party despite the express fiducial requirements of public disclosure, express Court approval, and the filing of all commissions and expenditures with the Office of Court Administration, under 22 NYCRR Part 36.

On a forthcoming motion, we intend to show that Mr. Chassen perjured himself before the Bankruptcy Court. We intend to prove that the receivership is a fraud. A receiver is entitled to 5% commission of corporate funds managed under CPLR § 8004. We simply ask, where is the money for these and other expenditures coming from. Employees have informed us directly that Receiver Huebscher is

soliciting them, and promising to pay them, to "help" him remove property and dispose of assets. They are mostly Spanish-speaking, and understandably scared of not complying. It is unquestionable that a receiver's acts are supposed to be closely monitored as a quasi-judicial officer to protect the business. Here, he is trying to destroy it, and sell the land and property for millions — despite fiduciary duties to do just the opposite, and in direct contravention of overlapping federal jurisdiction.

We anticipate seeking a stay of the State Court proceedings as they relate to the receivership in either the YJ Simco or JJ Arch Bankruptcy Courts on grounds of fraud and perjury. This is a complicated matter, and I apologize for not being able to be clearer at this time. Consistent with my note from last week, whatever steps taken will be done so entirely deliberatively and in

lockstep with all decorum and procedures due for advocacy in the Federal Courts.

Our resources are limited but we are continuing, and my services are pro bono at the moment. For this reason, we relatedly are compelled to ask for an extension of today's deadline to update the Schedules due in this matter. I should note that I will be at the Southern District tomorrow morning to take whatever steps may be possible to facilitate the District's adjudication of my admission paperwork so that my firm may make prompt appearances in all matters of federal concern in addition to the cases involving Simpson in the State Court.

Respectfully,

**MAIDEN LANE LAW GROUP**
Benjamin Robert Rajotte, Esq.
One Maiden Lane, Suite 900
New York, New York 10038

(212) 463-6669
rajb@mllg.nyc

<Ex J to motion for relief.pdf>