# RELEASE AGREEMENT

THIS RELEASE AGREEMENT (this "**Agreement**") made effective as of the 25th day of July, 2022, between 1055 PARK AVE 1 LLC, a New York limited liability company, having an address at c/o Arch Companies, 88 University Place, 11th Floor, New York, New York 10003 (the "**Unit 1 Borrower**"), and 1055 PARK AVE PH LLC, a New York limited liability company, having an address at c/o Arch Companies, 88 University Place, 11th Floor, New York, New York 10003 (the "**Unit PH Borrower**"; and together with the Unit 1 Borrower, collectively, jointly and severally, the "**Borrower**") and MAXIM CREDIT GROUP, LLC, a New York limited liability company having an address at 600 Madison Avenue, 17th Floor, New York, New York 10022 (the "**Lender**").

WHEREAS, on July 26, 2022, the Unit 1 Borrower and Lender entered into a certain loan (the "**Unit 1 Loan**"), whereby the Unit 1 Borrower gave a certain Consolidated, Amended and Restated Promissory Note (the "**Unit 1 Note**") to Lender in the principal sum of $3,300,000.00, which Unit 1 Note is secured by that certain Consolidation, Extension and Modification of Mortgage and Security Agreement (together with all extensions, renewals, modifications, substitutions and amendments thereof, the "**Unit 1 Mortgage**"), dated as of even date herewith, made by the Unit 1 Borrower in favor of Lender, encumbering the premises commonly known as 1055 Park Avenue, Unit 1, New York, New York 10028 ("**Unit 1**"); and

WHEREAS, on the date hereof, the Unit PH Borrower and Lender entered into a certain loan (the "**Unit PH Loan**"), whereby the Unit PH Borrower gave a certain Consolidated, Amended and Restated Promissory Note (the "**Unit PH Note**") to Lender in the principal sum of $2,700,000.00, which Unit PH Note is secured by that certain Consolidation, Extension and Modification of Mortgage and Security Agreement (together with all extensions, renewals, modifications, substitutions and amendments thereof, the "**Unit PH Mortgage**"), dated as of even date herewith, made by the Unit PH Borrower in favor of Lender, encumbering the premises commonly known as 1055 Park Avenue, Unit PH, New York, New York 10028 ("**Unit PH**"; Unit 1 and Unit PH shall be individually referred to as a "**Unit**"); and

NOW, THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, the parties agree as follows:

(A)    Sale of Unit 1. Subject to the terms and conditions set forth in (C) below, the Unit 1 Borrower shall be required to pay to Lender the amount of $3,630,000.00 in order to satisfy the Unit 1 Loan, in addition to any reasonable costs and expenses (including, without limitation, reasonable attorneys' fees and costs) incurred by Lender in connection with the satisfaction of the Unit 1 Mortgage and any related documentation. The Unit 1 Borrower agrees that any excess amounts after the Unit 1 Note has been satisfied shall be used to pay down the Unit PH Note.

(B)    Sale of Unit PH. Subject to the terms and conditions set forth in (C) below, the Unit PH Borrower shall be required to pay to Lender the amount of $2,970,000.00 in order to satisfy the Unit PH Loan, in addition to any reasonable costs and expenses (including, without limitation, reasonable attorneys' fees and costs) incurred by Lender in connection with the

satisfaction of the Unit PH Mortgage and any related documentation. The Unit PH Borrower agrees that any excess amounts after the Unit PH Note has been satisfied shall be used to pay down the Unit 1 Note.

(C)  Lender's obligation to satisfy a Loan under (A) of (B) above shall be subject to satisfaction of the following conditions:

(i)  As of the Release Date (as hereinafter defined), no Event of Default shall exist under the respective Note, Mortgage and Loan Documents;

(ii)  Borrower delivers to Lender written notice of its intention to satisfy the Loan not less than thirty (30) days prior to the date on which Borrower wants such release to occur (such date on which the release is to occur is referred to herein as the "**Release Date**"); and

(iii)  On the Release Date, Borrower shall have paid to Lender (1) the required release price as outlined in Section (A) or (B) above, and (2) all reasonable costs and expenses (including, without limitation, reasonable attorneys' fees and costs) incurred by Lender in connection with the satisfaction of the Loan and the documentation of the same.

Upon satisfaction of (C)(i) through (iii) above, Lender shall execute and deliver to Borrower such instruments (in form and substance reasonably acceptable to Lender and Borrower) necessary to satisfy the Loan.

(D)  Counterparts. To facilitate execution, this Agreement may be executed in as many counterparts as may be convenient or required. It shall not be necessary that the signature and acknowledgment of each party, or that the signature and acknowledgment of all persons required to bind any party, appear on each counterpart. All counterparts shall collectively constitute a single instrument. It shall not be necessary in making proof of this Agreement to produce or account for more than a single instrument. It shall not be necessary in making proof of this Agreement to produce or account for more than a single counterpart containing the respective signatures and acknowledgment of, or on behalf of, each of the parties hereto.

(E)  Governing Law. Notwithstanding any provision of any previous documents to the contrary, this Agreement shall be governed by, construed and enforced in accordance with the laws of the State of New York (without regard to conflicts of law), except where federal law is applicable (including, without limitation, any applicable federal law preempting state laws).

(F)  Entire Agreement. This Agreement shall be binding upon the Borrower, its respective employees, representatives, successors, and assigns, and shall inure to the benefit of the Lender and the Lender's successors and assigns. This Agreement and all documents, instruments, and agreements executed in connection herewith incorporate all of the discussions and negotiations between the Borrower and the Lender, either expressed or implied, concerning the matters included herein and in such other documents, instruments and agreements, any statute, custom, or usage to the contrary notwithstanding. No such discussions or negotiations shall limit, modify, or otherwise affect the provisions hereof. No modification, amendment, or waiver of any provision of this Agreement, or any provision of any other document, instrument, or agreement between the

Pg 3 of 4

Borrower and the Lender shall be effective unless executed in writing by the party to be charged with such modification, amendment, or waiver.

[SIGNATURES APPEAR ON THE FOLLOWING PAGE]

IN WITNESS WHEREOF, the undersigned has executed this Release Agreement as of the date first above written.

**1055 PARK AVE 1 LLC**
a New York limited liability company

By: _____
Name: Jeffrey Simpson
Title: Authorized Signatory

**1055 PARK AVE PH LLC**
a New York limited liability company

By: _____
Name: Jeffrey Simpson
Title: Authorized Signatory

STATE OF NEW YORK )
                  ) : ss:
COUNTY OF New York )

On the 20th day of July in the year 2022, before me, the undersigned, personally appeared Jeffrey Simpson, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person or entity upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

[Notary seal: YECHIEL LEHRFIELD, NOTARY PUBLIC, STATE OF NEW YORK, NO. 01LE6385614, QUALIFIED IN RICHMOND COUNTY, COMM. EXP. 01-07-2023]