**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Gregory M. Messer, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                  Chapter 7

YJ SIMCO LLC,                                                Case No.: 25-10437 (LGB)

                Debtor.
---------------------------------------------------------------x

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER EXTENDING THE
AUTOMATIC STAY AND GRANTING SUCH OTHER RELIEF AS
THE COURT DEEMS JUST AND PROPER**

TO THE HONORABLE LISA G. BECKERMAN,
UNITED STATES BANKRUPTCY JUDGE

Gregory M. Messer, solely in his capacity as Chapter 7 Trustee ("Trustee") of the estate of YJ Simco LLC ("Debtor"), by his undersigned counsel, seeks entry of an Order pursuant to 11 U.S.C. §§ 105(a), 362(a) and 541(a) ("Bankruptcy Code"): (i) extending the automatic stay to 266 WMTR LLC ("LLC") and the property located at 266 Water Mill Town Road, Water Mill, New York 11976 ("Water Mill Property"); and (ii) granting the Trustee such other and further relief as the Court deems just and proper, and respectfully represents and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.     Venue of this case and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested in this Motion include sections 105, 362 and 541 of the Bankruptcy Code.

## BACKGROUND

**A.     The Filing and Conversion of the Debtor's Case**

4. On March 9, 2025 ("Petition Date"), a voluntary petition pursuant to Chapter 11 of title 11 of the United States Code ("Bankruptcy Code") was filed in this Court on the Debtor's behalf. See ECF No. 1. The voluntary petition was signed by David Goldwasser as Chief Restructuring Officer. See id. According to the Debtor's List of Equity Security Holders, Jeffrey Simpson ("Simpson") and Yael Simpson ("Yael") each own 50% membership interests in the Debtor. See id.

5. On April 14, 2025, the United States Trustee filed a motion to convert the Debtor's case to Chapter 7 or, in the alternative, dismiss the Debtor's case. See ECF No. 7.

6. On May 14, 2025, this Court entered an Order converting the Debtor's Chapter 11 case to a Chapter 7 case. See ECF No. 18.

7. On May 15, 2025, Gregory M. Messer was appointed as interim Chapter 7 Trustee of the Debtor. See ECF No. 19. By operation of law, Gregory M. Messer is the permanent Chapter 7 Trustee of the Debtor's estate.

**B.     The LLC**

8. Arch Real Estate Holdings LLC ("AREH") turned over to the Trustee a Contribution Agreement dated as of October 31, 2021 from Simpson to the Debtor ("Simpson Contribution Agreement"), a copy of which is annexed as **Exhibit A**. The Simpson Contribution Agreement purports to provide for, inter alia, the assignment, transfer, and contribution by

Simpson to the Debtor of Simpson's 50% ownership interest in the LLC (50%). See id. at Schedule 1.

9. AREH also turned over to the Trustee a Contribution Agreement dated as of October 31, 2021 from Yael to the Debtor ("Yael Contribution Agreement") a copy of which is annexed as **Exhibit B**. The Yael Contribution Agreement purports to provide for, inter alia, the assignment, transfer and contribution by Yael to the Debtor of Yael's 50% ownership interest in the LLC. See id. at Schedule 1.

10. Simpson strenuously disputes that he or Yael transferred their respective interests in the LLC to the Debtor. The Trustee is presently investigating these issues and is scheduled to report to the Court on December 18, 2025.

C. **The Water Mill Property**

11. According to a title report for the Water Mill Property, the LLC took title to the Water Mill Property by deed dated August 14, 2017 and recorded on September 6, 2017. The Water Mill Property is encumbered by a consolidated mortgage lien of $1,800,000.00. The Water Mill Property is currently listed for sale at $3,595,000.00 (see, e.g., https://www.zillow.com/homedetails/266-Water-Mill-Towd-Rd-Water-Mill-NY-11976/32727292_zpid/?msockid=0d189c9e29576a4724518a2328306b79, last accessed December 9, 2025).

12. The Water Mill Property is the subject of a residential foreclosure action commenced by JPMorgan Chase Bank, N.A. ("Chase Bank") pending in the Supreme Court of the State of New York, County of Suffolk pending under Index No. 623340/2024 ("Foreclosure Action").

13. The LLC failed to appear in the Foreclosure Action, and a judgment of foreclosure and sale was entered on September 29, 2025, a copy of which is annexed as **Exhibit C**. A foreclosure sale was noticed for December 15, 2025. See **Exhibit D**.

14. By letter dated December 4, 2025, the Trustee, through counsel, requested whether Chase Bank in the foreclosure action would consent to an adjournment of the sale. In response, Simpson objected and requested an emergency conference with the Court.

15. By Order entered on December 4, 2025, the Court scheduled and held a conference on this matter on December 8, 2025. See ECF No. 69. At that hearing Chase Bank, through its counsel, advised the Court that it could not consent to the adjournment. The Court advised the Trustee to file the instant Application and Motion for hearing on shortened notice.

16. This Motion is being filed in accordance with the conference conducted on December 8, 2025.

## **RELIEF REQUESTED AND BASIS FOR RELIEF**

17. By this Motion, the Trustee seeks entry of an Order: (a) extending the automatic stay to the LLC and the Water Mill Property; and (b) granting the Trustee such other and further relief as the Court deems just and proper. A proposed Order is annexed as **Exhibit E**.

18. Section 541(a) of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a).

19. Pursuant to section 362(a)(5) of the Bankruptcy Code, a filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a clam that arose before the commencement of the case[.]" 11 U.S.C. § 362(a)(5).

4

20. Pursuant to section 105(a) of the Bankruptcy Code, the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

21. While protections of the automatic stay are generally reserved for the debtor, various courts have extended the automatic stay to non-bankrupt entities where "a claim against [a] non-debtor will have an immediate adverse economic consequence for the debtor's estate." See Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003). Courts have found these circumstances apply where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant." Id.; see also Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC, 2014 U.S. Dist. LEXIS 136152, *5 (S.D.N.Y. Sept. 25, 2014) (courts consider whether there are "'strong ties' between the nondebtor and the debtor" and whether the judgment against a nondebtor "will have an immediate adverse economic consequence for the debtor's estate"). Extending the automatic stay is appropriate when "a judgment against the non-debtor will affect directly the debtor's assets." See In re North Star Contracting Corp., 125 B.R. 368, 371 (S.D.N.Y. 1991).

22. "In order for the unusual circumstances exemption to be warranted, however, the purpose served by extending the automatic stay to a nondebtor must also be consistent with the purpose of the stay itself." Le Metier, 2014 U.S. Dist. LEXIS 136152 at *6. "As courts within the Second Circuit have recognized, the automatic stay under section 362(a) is intended to permit the debtor to organize its affairs without creditor harassment and to allow orderly resolution of all claims." Id.

23. In this case, the Debtor is not a party to the Foreclosure Action, the Debtor is not the record owner of the Water Mill Property, and the Debtor did not schedule any interest in the

LLC as an asset. However, the Water Mill Property appears to have substantial equity that would flow to the LLC and, based on the Simpson Contribution Agreement and the Yael Contribution Agreement, the Debtor may have an interest in the LLC. As such, the continuation of the Foreclosure Action and the foreclosure sale of the Water Mill Property could affect property of this Debtor's estate. This is precisely the type of adverse economic impact on the Debtor which justifies an extension of the automatic stay. See, Queenie, 321 F.3d. at 288 (extending the automatic stay to a corporation wholly owned by the debtor finding that an action against the corporation would have an "immediate adverse economic impact" on the debtor).

24. The Trustee requires additional time of at least 45 days to investigate the bona fides of the Debtor's interest in the LLC, if any. Under the circumstances of this case, the Trustee submits that the relief requested herein is appropriate and in the best interests of the Debtor's estate.

## NOTICE AND NO PRIOR REQUEST

25. Given the exigencies outlined above, by separate application, the Trustee will seek entry of an Order scheduling a hearing on shortened notice of this Motion.

26. No prior request for the relief requested in this Motion has been made to this or any other Court.

27. **WHEREFORE**, the Trustee respectfully requests that this Court enter an Order: (i) extending the automatic stay to the LLC and the Water Mill Property; and (ii) granting the Trustee such other and further relief as the Court may deem just and proper.

Dated: December 9, 2025
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Gregory M. Messer, as Chapter 7 Trustee*

By: *s/ Gary F. Herbst*
Gary F. Herbst, Esq.
A Member of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500