SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

| | |
|---|---|
| JPMorgan Chase Bank, National Association, | **NOTICE OF ENTRY** |
| Plaintiff, | INDEX NO.: 623340/2024 |
| vs. | MORTGAGED PREMISES: |
| 266 WMTR LLC; Jeffrey Simpson; Yael Simpson a/k/a Yael Halporn a/k/a Yael Simps a/k/a Yael Halpern; New York State Department of Taxation and Finance; John Doe (Name Refused), | 266 Water Mill Towd Road Water Mill, NY 11976 |
| Defendants. | District: 0900 Section: 080.00 Block: 01.00 Lot: 002.005 |

PLEASE TAKE NOTICE that the attached is a true copy of the Order Confirming Referee Report and Judgment of Foreclosure and Sale in this matter which was entered in the office of the Clerk of the Supreme Court, Suffolk County, on September 29, 2025.

Dated:   October 23, 2025          By:   _____

Nadine D. Smith, Esq
McCalla Raymer Leibert Pierce, LLP
Attorney for Plaintiff
420 Lexington Avenue, Suite 840
New York, New York 10170
Phone: 347-286-7409
Fax: 347-286-7414

To:

**By Regular Mail**

266 WMTR LLC
c/o NY Secretary of State
99 Washington Avenue
Albany, NY 12231

Jeffrey Simpson
266 Water Mill Towd Road
Water Mill, NY 11976

Jeffrey Simpson

24-17803NY

1055 Park Avenue
New York, NY 10028

Yael Simpson a/k/a Yael Halporn a/k/a Yael Simps a/k/a Yael Halpern
266 Water Mill Towd Road
Water Mill, NY 11976

New York State Department of Taxation and Finance
300 Motor Parkway
Hauppauge, NY 11788

John Doe (Name Refused)
266 Water Mill Towd Road
Water Mill, NY 11976

James E. McElhone, Esq., *as Referee*
7 Hermitage Street
Wading River, NY 11792-5100

24-17803NY

*22852*
*258*

At AS Part 44 of the Supreme Court
held in the County of Suffolk, at the
Suffolk Courthouse thereof, on the 25
day of Sept, 2025.

**ENTERED: SEP 29 2025**

**AT: 3:06 PM**

PRESENT: HON. JOHN J. ANDREWS
_____
JUSTICE OF THE SUPREME COURT

_____

JPMorgan Chase Bank, National Association,

    Plaintiff,

        vs.

266 WMTR LLC; Jeffrey Simpson; Yael
Simpson a/k/a Yael Halporn a/k/a Yael Simps
a/k/a Yael Halpern; New York State
Department of Taxation and Finance; John Doe
(Name Refused),

    Defendants.

_____

INDEX NO.: 623340/2024

**ORDER CONFIRMING REFEREE
REPORT AND JUDGMENT OF
FORECLOSURE AND SALE**

MORTGAGED PROPERTY:
266 Water Mill Towd Road
Water Mill, NY 11976

District: 0900 Section: 080.00 Block: 01.00
Lot: 002.005

Servicer: JPMorgan Chase Bank, N.A.

Servicer's Phone Number: 1-800-848-9136

*NO DIRECTIVE*

    UPON the Summons, Complaint, and Notice of Pendency filed in this action on

September 19, 2024, the Notice of Motion dated August 18, 2025, the affirmation by Deborah M.

Gallo, Esq., the affidavit of merit and amount due by Samara Narvaez-Avila who is Vice

President Document Execution of JPMorgan Chase Bank, N.A., Plaintiff, duly sworn to on

March 20, 2025, together with the exhibits annexed thereto, all in support of Plaintiff's motion

for an Order Confirming Referee Report and Judgment of Foreclosure and Sale; and

    UPON proof that each of the defendants herein has been duly served with the Summons

and Complaint in this action, and has voluntarily appeared either personally or by an attorney or

has not served any answer to the Complaint or otherwise appeared, nor had their time to do so

extended; and it appearing that more than the legally required number of days has elapsed since

Defendants, 266 WMTR LLC, Jeffrey Simpson, Yael Simpson AKA Yael Halpern AKA Yael

Halporn AKA Yael Simps, New York State Department of Taxation and Finance and John Doe

(Name Refused), were so served and/or appeared; and Plaintiff having established to the court's satisfaction that a judgment against defendants is warranted; and

UPON the affidavit of mailing reflecting compliance with CPLR 3215(g)(3)(iii); and

UPON proof that non-appearing defendants 266 WMTR LLC, Jeffrey Simpson, Yael Simpson a/k/a Yael Halporn a/k/a Yael Simps a/k/a Yael Halpern, New York State Department of Taxation and Finance, and John Doe (Name Refused) are not absent, in accordance with RPAPL §1321(2); and

A Referee having been appointed to compute the amount due to Plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine whether the mortgaged property can be sold in parcels; and

UPON reading and filing the Report of James E. McElhone, Esq. Referee , dated July 11, 2025, showing the sum of $1,858,461.19 due as of the date in said Report and that the mortgaged property may not be sold in parcels; and

UPON proof of due notice of this motion upon all parties entitled to receive same, and upon all the prior proceedings and papers filed herein;

NOW, on motion by Deborah M. Gallo, Esq., attorney for the Plaintiff, it is hereby *to confirm the report of the referee* ORDERED, ~~ADJUDGED AND DECREED~~ that the motion is granted; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee's Report be, and the same is, hereby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in the Complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at the *Town of Southampton 116 Hampton Road* ; by and under the direction of ; who is *Southampton NY* hereby appointed Referee for that purpose; that said Referee give public notice of the time and

24-17803NY

place of sale in accordance with RPAPL §231 in _Southampton Press_ ; and it is

_PO Box 1207, Southampton NY 11969_

further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment") and §36.2 (d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative is present at the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representative; and it is further

ORDERED, ADJUDGED AND DECREED that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

ORDERED, ADJUDGED AND DECREED that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to

24-17803NY

the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the

successful bidder is Plaintiff in which case no deposit against the purchase price shall be

required; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event the first successful bidder

fails to execute the Terms of Sale immediately following the bidding upon the subject property

or fails to immediately pay the ten percent (10%) deposit as required, the property shall

immediately and on the same day be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall then deposit the down

payment and proceeds of sale, as necessary, in _Any bank insured by the FDIC_ in

his/her own name as Referee, in accordance with CPLR 2609; and it is further

ORDERED, ADJUDGED AND DECREED that after the property is sold, the Referee

shall execute a deed to the purchaser, in accordance with RPAPL §1353 and the terms of sale,

which shall be deemed a binding contract; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event a party other than the

Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days

after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED AND DECREED that, if Plaintiff (or its affiliate, as defined in

paragraph (a) of subdivision 1 of section six-1 of the Banking Law) is the purchaser, such party

shall place the property back on the market for sale or other occupancy: (a) within 180 days of

the execution of the deed of sale, or (b) within 90 days of completion of construction, renovation,

or rehabilitation of the property, provided that such construction, renovation, or rehabilitation

proceeded diligently to completion, whichever comes first, provided however, that a court of

competent jurisdiction may grant an extension for good cause; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee, on receiving the proceeds

24-17803NY

of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all

taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property

at the time of sale, with such interest or penalties which may have lawfully accrued thereon to

the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee then deposit the balance of

said proceeds of sale in her/his own name as Referee in _any bank insured by the FDIC,_

and shall thereafter make the following payments in accordance with RPAPL §1354, as follows:

FIRST: The Referee's statutory fees for conducting the sale, in accordance with

CPLR 8003(b), not to exceed $750.00 unless the property sells for $50,000.00 or

more or in the event a sale was cancelled or postponed, Plaintiff shall compensate

the Referee in the sum of $ _250.00_ for each adjournment or

cancellation, unless the Referee caused the delay;

SECOND: All taxes, assessments, and water rates that are liens upon the property

and monies necessary to redeem the property from any sales for unpaid taxes,

assessments, or water rates that have not become absolute, and any other amounts

due in accordance with RPAPL §1354(2). Purchaser shall be responsible for

interest and penalties due on any real property taxes accruing after the sale. The

Referee shall not be responsible for the payment of penalties or fees pursuant to

this appointment. The Purchaser shall hold the Referee harmless from any such

penalties or fees assessed;

THIRD: The expenses of the sale and the advertising expenses as shown on the

bills presented and certified by said Referee to be correct, duplicate copies of

which shall be annexed to the report of sale;

FOURTH: The Referee shall then pay to the Plaintiff or its attorney the following:

24-17803NY

**Amount Due per Referee's Report:** $1,858,461.19 with interest at the note rate from March 1, 2025, together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, not previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred.

**Costs and Disbursements:** $3760. *[handwritten]* adjudged to the Plaintiff for costs and disbursements in this action, *[handwritten: w/ taxed by the Suffolk County Clerk]* with interest at the statutory judgment rate from the date of entry of this judgment;

**Additional Allowance:** $300.00 is hereby awarded to Plaintiff in addition to costs, with interest at the statutory judgment rate from the date of entry of this judgment, pursuant to CPLR Article 83;

**Attorney Fees:** $5,650.00 is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment;

FIFTH: Surplus monies arising from the sale shall be ~~paid into court~~ *[handwritten: deposited with the Suffolk County Comptroller]* by the officer conducting the sale within five days after receipt in accordance with RPAPL §1354(4) and in accordance with local County rules regarding Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment

24-17803NY

thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked "First", "Second", and "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law §1404; and it is further

ORDERED, ADJUDGED AND DECREED that if the sale proceeds distributed in accordance with paragraphs "First," "Second, "Third", and "Fourth" above are insufficient to pay Plaintiff the Amount Due per the Referee's Report as set forth in paragraph "Fourth" above, Plaintiff may seek to recover a deficiency judgment against 266 WMTR LLC, Jeffrey Simpson, and Yael Simpson a/k/a Yael Halporn a/k/a Yael Simps a/k/a Yael Halpern in accordance with RPAPL §1371 if permitted by law; and it is further

ORDERED, ADJUDGED AND DECREED that the mortgaged property is to be sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or

24-17803NY

persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; and any rights pursuant to CPLR 317, 2003, and 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

ORDERED, ADJUDGED AND DECREED that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the officer making the sale shall file with the clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL §1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED AND DECREED that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee

24-17803NY

WebTitle File No.: 

Client File No.:

# SCHEDULE A
# DESCRIPTION OF MORTGAGED PREMISES

ALL THAT CERTAIN plot, piece or parcel of land, situate, lying and being at Deerfield, Town of Southampton, County of Suffolk and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of Water Mill-Towd Road, said point being situate, South 6 degrees 06 minutes 50 seconds East, 24 feet as measured along the easterly side of Water Mill-Towd Road from its point of intersection with the southeasterly side of Edge of the Woods Road;

RUNNING THENCE South 80 degrees 17 minutes 45 seconds East, 281.66 feet;

THENCE southerly on the arc of a regular curve to the left having a radius of 554.48 feet to a distance of 117.35 feet;

THENCE South 83 degrees 53 minutes 10 seconds West, 251.15 feet to the easterly side of Water Mill-Towd Road;

THENCE North 6 degrees 06 minutes 50 seconds West, along the easterly side of Water Mill-Towd Road, 192.22 feet to the point or place of BEGINNING.

Premises:              266 Water Mill Towd Road, Water Mill, NY 11976
Tax Parcel ID No.:     District: 0900 Section: 080.00 Block: 01.00 Lot: 002.005

appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL §1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED that, when the Referee files a report of sale, he or she shall concurrently file a Foreclosure Actions Surplus Monies Form; and it is further

ORDERED, ADJUDGED AND DECREED that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof.

Said property is commonly known as 266 Water Mill Towd Road, Water Mill, NY 11976.

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule A.

ENTER:

DATED: _____          _____ , J.S.C.

**GRANTED**                           HON. JOHN J. ANDREWS

SEP 25 2025

VINCENT PULEO
Clerk of Suffolk County

24-17803NY

FILED

VINCENT PULEO
SUFFOLK COUNTY CLERK

2025 SEP 29 P 3 06

FOR

INFORMATION

ONLY FROM

THIS PAGE ON

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

JPMorgan Chase Bank, National Association,

Plaintiff,

vs.

266 WMTR LLC; Jeffrey Simpson; Yael
Simpson a/k/a Yael Halporn a/k/a Yael Simps
a/k/a Yael Halpern; New York State
Department of Taxation and Finance; John Doe
(Name Refused),

Defendants.

**COSTS OF PLAINTIFF**

INDEX NO.: 623340/2024

MORTGAGED PROPERTY:
266 Water Mill Towd Road
Water Mill, NY 11976

District: 0900 Section: 080.00 Block: 01.00
Lot: 002.005

## COSTS

| | |
|---|---|
| Costs before Note of Issue – CPLR 8201(1) | $200.00 |
| Allowance by Statute – CPLR 8302(a)(b) | |

COST TAXED AT $ ___3760.00___
TIME_____ DAY OF_____

**SEP 29 2025**

VINCENT PULEO
**CLERK OF SUFFOLK COUNTY**

| | |
|---|---|
| First $200.00 @ 10% | $20.00 |
| Next $800.00 @ 5% | $40.00 |
| Next $2,000.00 @ 2% | $40.00 |
| Next $5,000.00 @ 1% | $50.00 |
| | $150.00 |

| | |
|---|---|
| Additional Allowance – CPLR 8302(d) | $50.00 |
| Discretionary Costs on Motion – CPLR 8303(a)(1) | $0.00 |

## FEES AND DISBURSEMENTS

Fee for index number – CPLR 8018(a)....................................................................$400.00

Referee's fee to compute, per order of the Court – CPLR – CPLR 8003(a) ............$500.00

Paid for searches – CPLR 8301(a)(10) ..................................................................$500.00

Serving copies of Summons & Complaint – CPLR 8011(c)(1) & 8301(d)...............$1,555.00

Reproduction Costs – CPLR 8301(a)(12)................................................................$0.00

Fees for publication of Summons – CPLR 8301(a)(3) .............................................$0.00

Certified copies of papers – CPLR 8301(a)(4) .......................................................$0.00

24-17803NY

Requests for judicial intervention ........................................................................$95.00

Clerks fee for filing Lis Pendens/Notice – CPLR 8018(e), 8021(12)........................$220.00

Skip trace fees ........................................................................$0.00

Motion Fees ........................................................................$90.00

Note of Issue ........................................................................$0.00

Total:     $3,760.00

## ATTORNEY'S AFFIRMATION

The undersigned, Deborah M. Gallo, Esq., pursuant to CPLR 2106 and under penalties of perjury affirms as follows:

That she is the attorney of record for the Plaintiff in the above-captioned action, that the foregoing disbursements have been incurred in this action and are reasonable in amount, and that the copies of documents or papers charged for herein were actually and necessarily obtained.

DATED: _____8/18/2025_____
*New York, New York*

Deborah M. Gallo, Esq.
McCalla Raymer Leibert Pierce, LLP
*Attorneys for Plaintiff,*
*JPMorgan Chase Bank, National*
*Association*
Phone: 347-286-7409
Fax: 347-286-7414

24-17803NY

FILED

2025 SEP 29 P 3: 06

VINCENT PULEO
SUFFOLK COUNTY CLERK