**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Gregory M. Messer, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                                    Chapter 7

YJ SIMCO LLC,                                                               Case No.: 25-10437 (LGB)

                Debtor.
---------------------------------------------------------------x

**APPLICATION FOR AN ORDER SCHEDULING A HEARING ON SHORTENED NOTICE OF MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER EXTENDING THE AUTOMATIC STAY AND GRANTING SUCH OTHER RELIEF AS THE COURT DEEMS JUST AND PROPER**

TO THE HONORABLE LISA G. BECKERMAN,
UNITED STATES BANKRUPTCY JUDGE

      Gregory M. Messer, solely in his capacity as Chapter 7 Trustee ("Trustee") of the estate of YJ Simco LLC ("Debtor"), by his undersigned counsel, seeks entry of an Order ("Scheduling Order"), pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 9077-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), shortening the time for the Trustee's motion ("Motion") pursuant to 11 U.S.C. §§ 105(a), 362(a) and 541(a) ("Bankruptcy Code"): (i) extending the automatic stay to 266 WMTR LLC ("LLC") and the property located at 266 Water Mill Town Road, Water Mill, New York 11976 ("Water Mill Property"); and (ii) granting the Trustee such other and further relief as the Court deems just and proper, which Motion is being filed concurrently herewith and incorporated by reference. In support of this Application, the Trustee respectfully represents as follows:

1

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought in this Application include section 105 of the Bankruptcy Code, Bankruptcy Rules 2002(a) and 9006(c), and Local Rule 9077-1.

## BACKGROUND

**A.   The Filing and Conversion of the Debtor's Case**

1. On March 9, 2025 ("Petition Date"), a voluntary petition pursuant to Chapter 11 of title 11 of the United States Code ("Bankruptcy Code") was filed in this Court on the Debtor's behalf. See ECF No. 1. The voluntary petition was signed by David Goldwasser as Chief Restructuring Officer. See id. According to the Debtor's List of Equity Security Holders, Jeffrey Simpson ("Simpson") and Yael Simpson ("Yael") each own 50% membership interests in the Debtor. See id.

2. On April 14, 2025, the United States Trustee filed a motion to convert the Debtor's case to Chapter 7 or, in the alternative, dismiss the Debtor's case. See ECF No. 7.

3. On May 14, 2025, this Court entered an Order converting the Debtor's Chapter 11 case to a Chapter 7 case. See ECF No. 18.

4. On May 15, 2025, Gregory M. Messer was appointed as interim Chapter 7 Trustee of the Debtor. See ECF No. 19. By operation of law, Gregory M. Messer is the permanent Chapter 7 Trustee of the Debtor's estate.

**B.   The LLC**

5. Arch Real Estate Holdings LLC ("AREH") turned over to the Trustee a

Contribution Agreement dated as of October 31, 2021 from Simpson to the Debtor ("Simpson Contribution Agreement"), a copy of which is annexed as Exhibit A to the Motion. The Simpson Contribution Agreement purports to provide for, inter alia, the assignment, transfer, and contribution by Simpson to the Debtor of Simpson's 50% ownership interest in the LLC (50%).

6. AREH also turned over to the Trustee a Contribution Agreement dated as of October 31, 2021 from Yael to the Debtor ("Yael Contribution Agreement") a copy of which is annexed as Exhibit B to the Motion. The Yael Contribution Agreement purports to provide for, inter alia, the assignment, transfer, and contribution by Yael to the Debtor of Yael's 50% ownership interest in the LLC.

7. Simpson strenuously disputes that he or Yael transferred their respective interests in the LLC to the Debtor. The Trustee is presently investigating these issues and is scheduled to report to the Court on December 18, 2025.

**C.   The Water Mill Property**

8. According to a title report for the Water Mill Property, the LLC took title to the Water Mill Property by deed dated August 14, 2017 and recorded on September 6, 2017. The Water Mill Property is encumbered by a consolidated mortgage lien of $1,800,000.00. The Water Mill Property is currently listed for sale at $3,595,000.00 (see, e.g., https://www.zillow.com/homedetails/266-Water-Mill-Towd-Rd-Water-Mill-NY-11976/32727292_zpid/?msockid=0d189c9e29576a4724518a2328306b79, last accessed December 9, 2025).

9. The Water Mill Property is the subject of a residential foreclosure action commenced by JPMorgan Chase Bank, N.A. ("Chase Bank") pending in the Supreme Court of the State of New York, County of Suffolk pending under Index No. 623340/2024 ("Foreclosure

Action").

10. The LLC failed to appear in the Foreclosure Action, and a judgment of foreclosure and sale was entered on September 29, 2025, a copy of which is annexed as Exhibit C to the Motion. A foreclosure sale was noticed for December 15, 2025. See Exhibit D to the Motion.

11. By letter dated December 4, 2025, the Trustee, through counsel, requested whether Chase Bank in the foreclosure action would consent to a short adjournment of the sale pending the Court's determination as to whether the LLC interests are property of the estate. In response, Simpson objected and requested an emergency conference with the Court.

12. By Order entered on December 4, 2025, the Court scheduled and held a conference on this matter on December 8, 2025. See ECF No. 69. At that hearing Chase Bank, through its counsel, advised the Court that it could not consent to the adjournment. The Court advised the Trustee to file the instant Application and Motion for hearing on shortened notice.

13. This Application and the Motion are filed in accordance with the conference conducted on December 8, 2025.

## RELIEF REQUESTED AND BASIS FOR RELIEF

3. By this Application, the Trustee seeks the entry of the Scheduling Order shortening the notice period for the Motion. The proposed Scheduling Order is annexed as **Exhibit A**.

4. Pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which and the form and matter in which notice shall be given, which includes the authority to determine appropriate notice for conducting a hearing on the matters presented by the Motion. See FED. R. BANKR. P. 9007.

5. In this case and for the reasons set forth herein, the Trustee submits that cause exists for the Motion to be heard on an expedited basis. A foreclosure sale of the Water Mill Property is

4

currently scheduled for December 15, 2025. The Water Mill Property appears to have significant equity, which could be lost if the foreclosure sale were to proceed. The Trustee requires time to investigate the bona fides of the Debtor's interest in the LLC and, in turn, any equity in the Water Mill Property that would flow to the LLC all as to be determined by this Court.

6. Consistent with Bankruptcy Rule 2002(a), the Trustee proposes that the Motion and a copy of the Scheduling Order, along with the Court's hearing procedures, be served by electronic mail or overnight mail, if electronic service cannot be effectuated, upon the following parties: (a) counsel of record to the Debtor; (b) Jeffrey Simpson; (c) Chase Bank through its counsel in the Foreclosure Action; (d) the United States Trustee; (e) all parties that have filed a Notice of Appearance in this case; (f) AREH through its counsel of record; and (g) Jared Chassen through his counsel of record.

7. The Trustee does not believe that any parties in interest will be prejudiced by the shortened notice requested herein or by the approval of this Application on an <u>ex-parte</u> basis.

## NO PRIOR REQUEST

8. No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests the entry of the Scheduling Order, substantially in the form attached hereto as **Exhibit A**, and such other and further relief as deemed just and proper.

Dated: December 9, 2025
       Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Gregory M. Messer, as Chapter 7 Trustee*

By: *s/ Gary F. Herbst*
Gary F. Herbst, Esq.
A Member of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Gregory M. Messer, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:  Chapter 7

YJ SIMCO LLC,  Case No.: 25-10437 (LGB)

                Debtor.
---------------------------------------------------------------x

## AFFIRMATION PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1

Gary F. Herbst, Esq., an attorney duly admitted to practice before, among others, this Court, affirms under penalty of perjury:

1. I am a member of the law firm LaMonica Herbst & Maniscalco, LLP, counsel to Gregory M. Messer, solely in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of YJ Simco LLC ("Debtor").

2. I submit this affirmation in accordance with Local Bankruptcy Rule 9077(1) in support of the Trustee's application ("Application"), pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 9077-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), for an Order shortening the time for the Trustee's motion ("Motion") pursuant to 11 U.S.C. §§ 105(a), 362(a) and 541(a) ("Bankruptcy Code"): (i) extending the automatic stay to 266 WMTR LLC ("LLC") and the property located at 266 Water Mill Town Road, Water Mill, New York 11976 ("Water Mill Property"); and (ii) granting Trustee such other and further relief as the Court deems just and proper.

3. As set forth in the Application, the Trustee is requesting entry of an Order scheduling a hearing on shortened notice of the Motion because a foreclosure sale of the Water

1

Mill Property is currently scheduled for December 15, 2025. The Debtor may own 100% of the membership interest in the LLC that owns the Water Mill Property. A foreclosure next week could adversely affect property of the Debtor's estate and erode the equity in the Water Mill Property.

4. For these reasons, and based on the entire record in the Debtor's case, the Trustee requests entry of an Order scheduling a hearing on shortened notice of the Motion.

5. No previous request for relief sought by the Trustee has been made to this or any other Court.

Dated: December 9, 2025  **LAMONICA HERBST & MANISCALCO, LLP**
      Wantagh, New York  *Counsel to Gregory M. Messer, as Chapter 7 Trustee*

          *s/ Gary F. Herbst*
          Gary F. Herbst, Esq.
          A Member of the Firm
          3305 Jerusalem Avenue, Suite 201
          Wantagh, New York 11793
          Telephone: (516) 826-6500