UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

In re:                                                    Chapter 7

YJ SIMCO LLC,                                             Case No.: 25-10437 (LGB)

                Debtor.

---------------------------------------------------------------------x

# DECLARATION

David Goldwasser declares as follows pursuant to 28 U.S.C. § 1746:

1.      This Declaration is submitted in connection with a status hearing in the Chapter 7 case of YJ Simco LLC ("Debtor"), which is scheduled for December 18, 2025.

2.      As set forth in my Affidavit dated March 9, 2025 ("Affidavit"), I was engaged as the Chief Restructuring Officer ("CRO") of the Debtor. See ECF No. 2. My engagement was finalized in an engagement agreement dated March 7, 2025. See id. In accordance with the engagement agreement and the Corporate Resolution of the Debtor, a copy of which is annexed to the Affidavit, I was authorized to take all actions necessary and appropriate with respect to the Debtor's restructuring efforts.

3.      Goldwasser specializes in bankruptcy and litigation planning involving Chapter 11 reorganization, bankruptcy claims, tax liens, and rescue capital for distressed commercial real estate. Goldwasser and FIA help business owners decide how to preserve current value and create future value, assist debtors in working with landlords, secured lenders, unsecured creditors and capital sources to effectuate restructuring, both in and out of court.

4.      Goldwasser has over 20 years of litigation and crisis management experience and has appeared on behalf of debtors in over thirty bankruptcy cases in the Southern and Eastern

1

Districts of New York. Attached hereto as **Exhibit "A"** is a list of cases in which Goldwasser has appeared.

5. Goldwasser's experience also includes the winddown of a mid-size corporation with over 1,000 employees and 17 locations, and various property types on a local and national level. Goldwasser has served as an advisor to several large real estate groups as well as family offices and has served as director of acquisitions and head of construction management. Goldwasser has structured numerous real estate and business deals in multiple states including New York.

6. Notably, Goldwasser has served as Regional Project Manager for Nicon Construction in South Florida, where he managed over $45,000,000 of disaster relief construction from Hurricane Wilma, running a workforce of over 300 people.

7. In addition, Goldwasser sold a construction management company he founded and ran for five years in New York City, which was a leading exterior restoration company, specializing in local ordinance work in Manhattan. That company had a significant role in the remedial work in and around the Ground Zero area after 9-11.

8. In my capacity as CRO, I through my employees, requested documents and information relating to the Debtor's financial affairs from the Debtor to prepare, inter alia, the Debtor's voluntary petition, schedules and other documents. Managing member Jeffrey Simpson ("Simpson") and member Yael Simpson ("Yael") provided certain documents and information to my employees.

9. Based on my review of the documents and information that were provided to me by Simpson and Yael, the voluntary petition, schedules and Affidavit were prepared and filed with the Court on March 9, 2025 ("Petition Date").

10. After the Petition Date, I and my employees were provided with certain additional information from Simpson and/or Yael reflecting additional potential assets of the Debtor but we were unable to confirm that the Debtor in fact owned any such assets.

11. After the Petition Date, Simpon requested that I file essentially the same schedules of assets that were filed in the JJ Arch LLC Chapter 11 case in this Debtor's case. I disagreed with that request.

12. Prior to the conversion of the Debtor's case to Chapter 7 on May 15, 2025, I did not have sufficient information to file any additional schedules under penalty of perjury on the Debtor's behalf.

13. Prior to the conversion of the Debtor's case to Chapter 7 on May 15, 2025, I did not have sufficient information to file any amended schedules under penalty of perjury on the Debtor's behalf.

Executed under penalty of perjury this 15th day of December 2025.

David Goldwasser