Emergency Action Relief Request / Pleading

Jeffrey Simpson, personally, Pro Se
Managing Member of JJ Arch LLC, YJ Simco LLC, and personally
1055 Park Avenue
New York, NY 10028

Delivered via email to all parties via ECF via Pro Se e file

United States Bankruptcy Court Judge Honorable Beckerman    YJ Simco LLC  (1:25-BK-10437)
United States Bankruptcy Trustee Grey M. Zipes    YJ Simco LLC  (1:25-BK-10437)

Southern District of New York
One Bowling Green
New York, NY, 10004

Re: **Request for Court Intervention – Respectfully Submitted**

 Honorable Justice Beckerman of the Federal Southern District Bankruptcy Court:

Following up on various letters, e mails etc from July 2025 until yesterday, December 15th, 2025:

I plead to this Court for relief on the matters contained herein under the Federal Bankruptcy Code:

1. The conversion from Chapter 11 to Chapter 7 was not proposed in good faith.
   a. My legal funding was stripped away from me maliciously by party Chassen by a "bad faith" insurance claim (6 months after mine).   He presents as a party to make the demand but we later received the Joint Defense Agreement between him and 35 Oak (608941 NJ Inc) so all actions are collusive as designed.   They avoided disclosure of this relationship since the very beginning.  The signing of the document is prior to any litigation.   This has been briefed fully in the JJ Arch LLC case in front of Judge Mastando.   With limited funds, the caliber of counsel I could bring to defend against the multi party group that willfully and maliciously attempts to harm me, my estate here, or anything tied to my name.
   b. David Goldwasser and Charles Wertman filed the Chapter 11 with incomplete schedules.   I have provided a plethora of exhibits on the docket to show that I used good faith efforts for them to update and modify the schedules.  Given the confusion (if during a Chapter 7) I am able to provide any update, I held back but finally sent a schedule to the Court last week.   I did not wait to send this for any reason other than wanting to avoid crossing any lines of impropriety.
   c. With the schedule update, it is my belief that the Court can see the assets here and I believe, if given the opportunity, I can illustrate to the Court through documents,

with affiliated lawyers, and witnesses the relevance of YJ Simco in the various entities and how my controlling shares (transferred in 2022) had a consent right that was circumvented for fraudulent conveyances with the opposition all in order to the relieve themselves of creditor obligations at the risk of deteriorating all else including assets of this estate.

    d. With the Court's consideration, I would present counsel and suggest a conversion to Chapter 11. I understand that the burden of standard in the law is high for such a request, but if I may able to demonstrate the bad faith of the opposition it may help the Court provide consideration.

2. Stay of affiliated court actions in NYS that are relevant to the estate

    a. There is a serious concern on how NYS has continued in its Motion practice when in JJ Arch, the District Court has not decided on Abstention, which was a requirement prior to any Remand. This is driven by the JJ Arch appeal. YJ Simco is the owner of JJ Arch so that links the dependency and relevance. The interlocutory Orders have an irreplaceable cost to "unwind".

    b. I have illustrated examples such as the August 1st, 2023 contract, whereby the opposition admittedly acknowledged transfer of assets from Chassen and or JJ Arch (and affiliates) to YJ Simco. These assets are being destructed by a Receiver that was requested and demanded without authority or standing by Chasssen. He has committed perjury to the various Courts, notwithstanding his own acknowledgement of his Resignation should he work for any 3rd party. The JDA illustrates this occurred prior to litigation commencement.

    c. Properties are being sold, eroded, and abandoned so that Eric Huebscher can make money as Receiver. No regard has been given to standing, contractual documents, this BK Court or the like. The same goes for Oak on the AREH controlled assets (temp based on NYS Court Order, based upon fraud and perjury).

    d. Kevin Wiener demonstrated that he will transfer property frauduntely, without regard to any documents, Court, or ownership, with impacts on this estate – Alton example.

    e. The NYS Court has no regard for what is happening in this Court. There are specific actions that label YJ Simco as defendant and that does not stop anything.

3. Withdrawal or Removal of Trustee

    a. Mr. Herbst has not investigated per the Court's direction for over 6 months. There is no knowledge of what Oak has done to the AREH properties which each have YJ Simco interests. He refuses to "dig in" because of the expense.

    b. Mr. Herbst ignores valuable information that illustrates fraud, misconduct, and conveyance. He illustrated this in the last 5 days by allowing Mr. Huebscher transact an asset (without any knowledge of to who, how much, etc) even though I warned him in advance.

    c. Mr. Herbst defamed my name to proposed incoming counsel for this very Court.

    d. Mr. Herbst ignores my illustration of identity theft, which has been reported and under investigation by the police.

    e. The Trustee wants to make money by selling assets, that is not what this Bankruptcy is about. It is about protecting the assets that need relief. It is simply the wrong direction for this estate.

f. After illustration of the law being broken during a Bankruptcy, code was presented, Trustee denied request to present to DOJ although the law requires such.

4. Insurance

   a. There is a contractual insurance policy that has already committed to covering YJ Simco as a covered insured. This is evidenced in prior engagements to counsel, approved by the carrier.

   b. The carrier has broken NYS law by disregarding a covered party after committing to defense as a result of AREH (without standing) suing the carrier for my coverage while Chassen made a claim simlutaneously. The NYS Court has allowed this without merit. Chassen committed insurance fraud (double dipping), there is evidence that Oak has paid for his counsel.

   c. I propose the opportunity to present the policy and the evidence to this Court regarding the policy, the discovery and coverage that is much needed for defense of YJ Simco here.


Related matters of relevance:

1. The JJ Arch Bankruptcy Appeal was fully briefed under 24-08649, awaiting decision (no change).

2. We made a motion to the SDNY BK Court under the main case of JJ Arch, 24-08649, whereby we illustrated that the opposition committed acts that were "fraud on the Court" and request to reinstate the Bankruptcy proceeded under 8008. It went unopposed, effective 10/28/25 (14 days from filing). Judge Mastando has provided a short window of time for the opposition to provide a reply, even though they missed the deadline by law. Even after such, he denied the motion which is troubling because the facts are crystal clear. Notwithstanding, there have been no witnesses, needed discovery and actual testimony in all cases for over 2 years now. YJ Simco is the top tier owner so the relevance is here.

3. In 25-04004 (by Removal, this would have been the same case as NYS 158055), we illustrated to the SDNY Court whereby there was "fraud on the Court" in response to the opposition aggressive and abusive demands to attack my wife and children for the award of $27,000 of legal fees by Judge Furman, that was Appealed to the 2nd Circuit Court of Appeals. On 10/27/25, the Court responded by reassigning the case to Judge Vargas (the same Judge assigned to the JJ Arch Bankruptcy Appeal). Since then, the opposition continues the harassment on the legal fees, and Judge Joel Cohen in NYS Court reassured the opposition (it's in the transcript), not to worry, they will get their money. I will reserve comment on how mind boggling this is and I do not want to lose site of the purpose of this letter. I have plead to that Court for relief, no reply has been received as of this writing .

4. The Appeal was unopposed and the 2nd Circuit advised that notice shall be provided to the opposition within 91 days of the 30 day expiration for opposition. There is a fair argument that it confirms that my Removal was legitimate, which again questions why NYS continues to destruct the companies while the Federal processes are outstanding.

5. At the 11.05.25 conference the following was reviewed:

a. I asserted that YJ is the ultimate owner of JJ Arch and AREH. Even if Chassen was a Member of JJ Arch, he had no authority since 2021 but he relinquished his rights the day he signed the toxic Joint Defense Agreement (prior to any litigation), 08.06.23, as a result of his collusion with Oak and his illegal /self help method of challenging me for firing him for good cause (stealing my business through bank account and intellectual property theft).

    i. I suggested to the Court that Gary Herbst is not complying with studying the details of the corporate structure and I left the conference believing that after Your Honor asked him to do his part he would (even though he doesn't feel the need to listen to anything I say).

    ii. Unfortunately the nuance of the Chapter 7 circumstance is one that is clearly about selling the assets only and if the Trustee (and counsel) cannot do that, their role is limited and questionable as there is no mechanism to pay for their time.

    iii. I reiterated assets of the estate are being transferred improperly and breaching a "stay". Your Honor suggested that the breach of a stay has consequences and she looked to the Trustee to alert the Court if this happening.

    iv. Your Honor was kind enough to allow me to explain the "fraud on the courts" and the malicious attempts of my former partners to ruin me.

    v. The opposition appeared as "AREH" to attack my personal home, which is dumbfounding to me. I objected and also reiterated that the theft of my files allows them to constantly attack my assets without merit. Your Honor asked the Trustee to check the loan documents and tax returns about transfers, pledged, and membership interests. The Trustee confirms that they received private information from AREH. That information was not authorized for them to share, they should not have access.

    vi. Your Honor concluded that although she considered a full dismissal, listening to both partis, she was possibly convinced that there were assets but the parties to dispute what they are. This also led to the idea of considering what happens when one considers the JJ Arch LLC circumstance and if Your Honor would like to speak with Judge Mastando about assuming both related cases. In addition, absent of updated clarity of the assets, the challenges continue. I provided this schedule 1 week ago.

    vii. Your Honor asked that I retain bankruptcy counsel on behalf of YJ Simco LLC and I inquired about the insurance dispute for legal funding. Your Honor said it must be directly affiliated with the debtor. I provided relief request here and I illustrate how Mr. Herbst quashed my proposed counsel by defaming my name.

    viii. NYS Court 158055-2023 continues The improper Receiver appointment (Chassen had no grounds to solicit) is deteriorating assets that are under the JJ Arch Bankruptcy and its ultimate owner YJ Simco. The Court ignores their actions. This has continued with more action last week as stated.

    ix. I have asked for a criminal investigation on Judge Joel Cohen on grounds of his relationship with Frank Seddio – chairman of the judge nomination

committee, whereby Chassen's attorney – Schwartz – is a direct affiliation. This is a serious conflict of interest.

6. Kevin Wiener, Oak, decides to purport that he is going to "wipe me out" of another property that has no Court Order pending, in Florida. He even wrote a letter purporting to be JJ Arch. There is no explanation for this other than he already decimated all of other AREH assets, with a Court Order that did not allow for him to circumvent my consent and utilizing Chassen was clearly improper now that we know that they were unified as one since prior to this litigation.

7. There are numerous State actions and a dozen other derivative litigations that I am stuck with as a result of all of this, none of which could have happened if the findings happened earlier. This also includes decimating personal assets of my family, some of which the opposition attempts to "naw" at constantly, including yesterday.

8. JP Morgan is involved in a number of the actions above with various different lawyers and different venues even though they were part of the main case since the beginning, whereby Chassen utilized the weakness of the transition from FRB to JPM to steal ALL of my banking authority on a one line email in August of 2023 (it is on the docket). The bank pretends that none of this happened with their pursuits even on my personal home residence. I reminded this Court in the last conference how Chassen is the only authorized party on the bank account of the Debtor!

9. I continue to follow up with the criminal justice folks on the various issues. All levels are aware, that has been limited level of action at the local level in Southampton and now NYPD and NYS DMV, but all parties seem to be reluctant to participate given the various Civil Matters. Court Orders that demand interjection will facilitate their help on investigation that I continue to plead for. The law enforcement folks cannot imagine how this happened especially with the theft by Chassen and Wiener, without the Court referring it to the authorities.

There is lots more and I do not want to plague the Court to reread the entire case in this pleading, but it is my duty and responsibility to report what is happening herein as this mess that was created by the opposition (on purpose) needs an efficient judicial solution. And to the extent the interlocutory Orders continue to deteriorate assets, there will be virtually no way to "claw back" or backtrack the damage that the opposition has created. One investor of $18,000,000 reached out to me last week where he saw an ad for foreclosure on the asset he invested in at AREH and sought my help but he knows how limited I am in resources to attend to it.

I am not financially in a position to fund the various litigations and keep up the vast aggressive actions that continue to occur without a Judicial solution that is efficient . Benjamin Rajotte has tried his best as sole practitioner to help me but it is extremely stressful to our attorney client relationship, the vast magnitude here and it does not seem to get better quick enough, given the level of damage that has been done. Without a definitive Order to the insurance carrier, I do not have the funding to support these efforts.

Once again, I plead to the Courts for help and a solution that I have been asking for 1 year now.

1. Put a "stay" on all litigation until it is sorted out which Courts are handling which matters without the need of further Removal or Remand to protect interests and rights. I plead to the Court to consider the jurisdictional issues raised in conjunction with the Bankruptcy rules.

2. Allow for a transition to Chapter 11 so that I can administer the debtor properly and eliminate the Chapter 7 Trustee concept for the reasons described herein.

3. Compel Great American Insurance Company to fund it's contractual defense costs to support my defense in these overly complex matters.

4. Start an investigation of the fraud and misconduct of Wiener and Chassen, starting with the Joint Defense Agreement (that has been avoided from discovery for 2 years now), and although it was provided that also shows trickery because of a botched up document.  If the Courts compel the criminal justice authorities (DOJ) , I can leave the detective work to them and this process can get back on track for judicial resolution.


Respectfully submitted,

/s/ Jeffrey Simpson

<u>Emergency Action Relief Request</u>     November 5th, 2025

Jeffrey Simpson, personally, Pro Se
Managing Member of JJ Arch LLC, YJ Simco LLC, and personally
1055 Park Avenue
New York, NY 10028

Delivered via email to all parties and Pro Se Intake: (ProSe@nysd.uscourts.gov) and NYSCEF

District Judge Honorable Vargas          (1:24-CV-08649)
District Judge Honorable Vyskocil         (1:25-CV-02375)
District Judge Honorable Ricardo          (1:25-CV-02373)
District Judge Honorable Furman           (1:25-CV-04004)
District Judge Honorable Carter           (1:23-CV-08966)
District Chief Judge Honorable Swain      (1:25-CV-02372 + other Pro Se SDNY actions above)

Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

United States Bankruptcy Court Judge Honorable Mastando III    JJ Arch LLC      (1:24-BK-08649)
United States Bankruptcy Court Judge Honorable Beckerman       YJ Simco LLC  (1:25-BK-10437)
United States Bankruptcy Trustee Grey M. Zipes                YJ Simco LLC  (1:25-BK-10437)

Southern District of New York
One Bowling Green
New York, NY, 10004

NYS Judge Honorable Judge Cohen                              158055-2023
60 Centre Street
New York, NY 10007

Re: **Request for Emergency Court Intervention – Respectfully Submitted**

 Honorable Justices of the Federal Southern District, Bankruptcy Court, and Honorable Justice of NYS Court:


Dear Honorable Judges,

Following up on my various letters to The Court(s) this past summer:

Again, I recognize that this correspondence does not follow the standard rules of motion practice, and I apologize for any procedural missteps.  However, I continue to respectfully request the

1

Court's consideration for emergency intervention due to the exceptional and escalating circumstances involved.

An update since the last writing by me (without counsel):

1. The JJ Arch Bankruptcy Appeal was fully briefed under 24-08649, awaiting decision.
2. We made a motion to the SDNY BK Court under the main case of JJ Arch, 24-08649, whereby we illustrated that the opposition committed acts that were "fraud on the Court" and request to reinstate the Bankruptcy proceeded under 8008. It went unopposed, effective 10/28/25 (14 days from filing).
3. In 25-04004 (by Removal, this would have been the same case as NYS 158055), we illustrated to the SDNY Court whereby there was "fraud on the Court" in response to the opposition aggressive and abusive demands to attack my wife and children for the award of $27,000 of legal fees by Judge Furman, that was Appealed to the 2nd Circuit Court of Appeals. On 10/27/25, the Court responded by reassigning the case to Judge Vargas (the same Judge assigned to the JJ Arch Bankruptcy Appeal). Since then, the opposition continues the harassment on the legal fees, as recent as this week.
4. The Appeal was unopposed and the 2nd Circuit advised that notice shall be provided to the opposition within 91 days of the 30 day expiration for opposition.
5. Today there was be a conference in the YJ Simco BK Court, per my request from several weeks ago to update the Court. YJ is the ultimate owner of JJ Arch and AREH. The BK was converted to a Chapter 7 for two reasons:
   a. My funding for counsel is limited tied to the insurance company leaving me stranded during the JJ Arch bankruptcy because of a fraudulent competing claim by Chassen and Oak using AREH to sue the carrier simultaneously. The carrier has no merit to stop funding and never withdrew coverage. Therefore, the Chapter filing was incomplete and the UST flagged that for Judge Beckerman, rightfully so.
   b. Chassen made a Motion to convert. It was not with grounds then but now that the JDA has been released, it is unquestionable that he has no grounds or authority to do anything since his Resignation occurred prior to any litigation on the signing of the JDA on August 6th, 2023. The day after I fired him for cause and he colluded with Oak to attack me, and it has worked until now.
      i. In lockstep, counsel for Oak and AREH sent a letter last night asking the Court to consider helping them with pursuits on my home.
   c. The Trustee has taken no interest in the pursuits of the issues raised, has commenced abandonment and there are serious concerns as to where this is going.
6. NYS Court 158055-2023 continues to allow the opposition to hurt me, take my (affiliates, family, investors, etc) assets, destroy them and not listen to the merits surrounding the issues even though the same Court acknowledges that the actions cannot be heard in multiple Courts at the same time. It is dumbfounding how this Court has managed this case that was brought on after the opposition started the 1st action against me in the SDNY Court. I have shared the extreme bias by the Court in this venue, that includes the Judge's nomination for reappointment (June 2026) is potentially impacted. Frank Seddio, Chairman of the nomination committee is tied to the opposition through Allen Schwartz. I am not the first to report circumstances whereby NYS Court has

prejudiced against a party when Seddio is involved.  There is pending legislation in Albany to stop "for hire" attorneys to participate in Judge nomination as it is an obvious conflict.

    a.  The improper Receiver appointment (Chassen had no grounds to solicit) is deteriorating assets that are under the JJ Arch Bankruptcy and its ultimate owner YJ Simco.  The Court ignores their actions.

7.  Kevin Wiener, Oak, decides to purport that he is going to "wipe me out" of another property that has no Court Order pending, in Florida.  He even wrote a letter purporting to be JJ Arch.  There is no explanation for this other than he already decimated all of other AREH assets, with a Court Order that did not allow for him to circumvent my consent and utilizing Chassen was clearly improper now that we know that they were unified as one since prior to this litigation.

8.  There are numerous State actions and a dozen other derivative litigations that I am stuck with as a result of all of this, none of which could have happened if the findings happened earlier.  This also includes decimating personal assets of my family, some of which the opposition attempts to "naw" at constantly, including yesterday.

9.  JP Morgan is involved in a number of the actions above with various different lawyers and different venues even though they were part of the main case since the beginning, whereby Chassen utilized the weakness of the transition from FRB to JPM to steal ALL of my banking authority on a one line email in August of 2023 (it is on the docket).  The bank pretends that none of this happened with their pursuits even on my personal home residence.

10.  I continue to follow up with the criminal justice folks on the various issues.  All levels are aware, that has been limited level of action at the local level in Southampton but all parties seem to be reluctant to participate given the various Civil Matters.  Court Orders that demand interjection will facilitate their help on investigation that I continue to plead for.

There is lots more and I do not want to plague the various Courts to reread the entire case in this letter, but it is my duty and responsibility to report what is happening herein as this mess that was created by the opposition (on purpose) needs an efficient judicial solution.  And to the extent the interlocutory Orders continue to deteriorate assets, there will be virtually no way to "claw back" or backtrack the damage that the opposition has created.  One investor of $18,000,000 reached out to me this week where he saw an ad for foreclosure on the asset he invested in at AREH and sought my help but he knows how limited I am in resources to attend to it.

I am not financially in a position to fund the various litigations and keep up the vast aggressive actions that continue to occur without a Judicial solution that is efficient .  Benjamin Rajotte has tried his best as sole practitioner to help me but it is extremely stressful to our attorney client relationship, the vast magnitude here and it does not seem to get better quick enough, given the level of damage that has been done.   Without a definitive Order to the insurance carrier, I do not have the funding to support these efforts.

Ultimately, a personal bankruptcy may be required without that immediate relief, to stop the attacks, defamation and attempts to ruin the life of me and my family.   A personal bankruptcy will also be expensive and involved given the vast amount of property and business that I have

been involved with.   Once again, I plead to the Courts for help and a solution that I have been asking for 1 year now.

1. Put a "stay" on all litigation until it is sorted out which Courts are handling which matters without the need of further Removal or Remand to protect interests and rights.
2. Compel Great American Insurance Company to fund it's contractual defense costs to support my defense in these overly complex matters.
3. Start an investigation of the fraud and misconduct of Wiener and Chassen, starting with the Joint Defense Agreement (that has been avoided from discovery for 2 years now), and although it was provided that also shows trickery because of a botched up document.  If the Courts compel the criminal justice authorities, I can leave the detective work to them and this process can get back on track for judicial resolution.

Respectfully submitted,

/s/ Jeffrey Simpson

On Jul 24, 2025, at 11:52 AM, Taylor Fogg <Taylor_Fogg@nysb.uscourts.gov> wrote:

Hello Mr. Simpson,

I received your voicemail from around 11:00 AM this morning. To correspond with Chambers, please use the beckerman.chambers@nysb.uscourts.gov email address.

Please note that the most appropriate way to file documents on the record is via the ECF platform, rather than through emails to Chambers. We do appreciate courtesy copies emailed after filing, however. Should you have questions regarding filing documents on the ECF platform, please contact the Clerk's Office. Their contact information may be found on the Court's website: https://www.nysb.uscourts.gov/clerks-office.

Best,

**Taylor Fogg**

**Law Clerk to the Honorable Lisa G. Beckerman**

U.S. Bankruptcy Court for the Southern District of New York

One Bowling Green, New York NY 10004

Direct: (212) 284-4561

On Jul 24, 2025, at 11:56 AM, Jeffrey Simpson <jsimpson001@icloud.com> wrote:

Thank you and I'm sorry but I'm unable to do that because I've been unable to get a class that is required to get access to actually do filing for E CF.   Unfortunately it is a requirement and I will keep trying to find an opening but it is not easy to get that access and I'm sorry to ask you or your colleagues to do any administrative work.   And thank you for your help.

Jeffrey Simpson

Sent from my iPhone

**From:** Jeffrey Simpson <jsimpson001@icloud.com>
**Sent:** Friday, October 10, 2025 6:15 AM
**To:** Taylor Fogg <Taylor_Fogg@nysb.uscourts.gov>
**Cc:** NYSBml_Beckerman's_Chambers <beckerman.chambers@nysb.uscourts.gov>; Jacqulyn Loftin <jsl@lhmlawfirm.com>; Gary Herbst <gfh@lhmlawfirm.com>; gremesser@aol.com <gremesser@aol.com>; Benjamin Robert Rajotte <rajb@mllg.nyc>
**Subject:** Re: 25-10437 - YJ Simco LLC - Entry of documents

**CAUTION - EXTERNAL:**

Good morning
Following up on previous dialogue, I've sent a few documents and I have not seen any of them posted to the docket.
Absent a formal motion, will Your Honor consider the letters that I've shared? I have not seen any response but it's possible that it's not getting to the right place. This case at large is changing very quickly and there's new information that is relevant to the stalled position we're in with the trustee.
If possible a conference call or a conference would be requested.
Thank you

Jeffrey Simpson

Sent from my iPhone

On Oct 10, 2025, at 9:22 AM, Austin Park <Austin_Park@nysb.uscourts.gov> wrote:

Good morning Mr. Simpson,

Could you please let us know what documents you are referring to?  Are you referring to the three emails that you sent yesterday at 9:20am?

**Austin Park**
**Law Clerk to the Honorable Lisa G. Beckerman**
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green, New York, NY 10004
Direct: (212) 284-4027

**From:** Jeffrey Simpson <jsimpson001@icloud.com>
**Sent:** Saturday, October 11, 2025 9:12 AM
**To:** Austin Park <Austin_Park@nysb.uscourts.gov>
**Cc:** Taylor Fogg <Taylor_Fogg@nysb.uscourts.gov>; NYSBml_Beckerman's_Chambers <beckerman.chambers@nysb.uscourts.gov>; Jacqulyn Loftin <jsl@lhmlawfirm.com>; Gary Herbst <gfh@lhmlawfirm.com>; gremesser@aol.com <gremesser@aol.com>; Benjamin Robert Rajotte <rajb@mllg.nyc>
**Subject:** Re: 25-10437 - YJ Simco LLC - Entry of documents

**CAUTION - EXTERNAL:**

This somehow got diverted to my junk pile.

Thank you for your response.  If you look at the docket, the last substantial entry that has my name attached to it was a letter with quite a few attachments.  I did not receive any reply to that letter from July.

I will share the other letters with you and avoid the cc to all parties if that's OK so I don't clog up their inboxes as they already have copies.

Much appreciated.

Jeffrey Simpson

Sent from my iPhone

On Oct 14, 2025, at 12:18 PM, Will Jagiello <Will_Jagiello@nysb.uscourts.gov> wrote:


Mr. Simpson,

The Court has reviewed the letter filing dated July 28, 2025. The filing does not appear to include a motion for relief nor any other formal request. In the absence of a motion filed upon the docket as per the rules and procedures of this Court, we cannot consider any potential relief you may seek. Likewise, any documents that require our review must be submitted along with the motion to which they pertain.

Best,
Will

**Will Jagiello**
**Law Clerk to the Honorable Lisa G. Beckerman**
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green, New York, NY 10004
Direct: (212) 284-4561

On Oct 14, 2025, at 2:38 PM, Jeffrey Simpson <jsimpson001@icloud.com> wrote:

Thank you very much for your response

The letter that I shared initially was to illustrate the lack of information regarding a motion that was in front of the Court. There is a bit of a time gap.
I've shared several other letters and I will look to my counsel, Mr. Rajotte to chime in but in the ideal world we would have a conference with the Court to deal with some of the various issues that have come up most recently including explicit fraud and activities that we believe the Court suggested that they would not be permitting under their watch, under chapter 7 . Also we are very limited as to what we can do given that there is a trustee / Chapter 7, but again to the extent that the court is willing to have the dialogue, a check-in via conference would be much appreciated.
Thank you,

Jeff


Jeffrey Simpson

Sent from my iPhone

**From:** Jeffrey Simpson <jsimpson001@icloud.com>
**Sent:** Friday, October 17, 2025 6:29 AM
**To:** Will Jagiello <Will_Jagiello@nysb.uscourts.gov>
**Cc:** NYSBml_Beckerman's_Chambers <beckerman.chambers@nysb.uscourts.gov>; Benjamin Robert Rajotte <rajb@mllg.nyc>
**Subject:** Re: 25-10437 - YJ Simco LLC - Entry of documents, continued request for Conference

**CAUTION - EXTERNAL:**

Good morning, following up on my note from earlier this week I don't believe I saw a response and I did not see anything in ECF.

To clarify your commentary below, the letter that I submitted on July 24, 2025, was an opposition of the motion that was happening during that period of time and unfortunately with my lack of ECF access it appeared after the hearing but Your Honor did suggest that she would look at anything that was put in front of her. The timing was off but the submission happened shortly there afterwards with a long list of attachments supporting the positions. There continues to be deterioration surrounding the assets and there does not seem to be any path to have a voice for protection and for defense.

I submitted several other letters through Chambers and Ms. Fogg. They are addressed to the attention of Your Honor. Those do not appear on ECF and have not received any response whatsoever.

So 90 days has passed, there are serious issues that are happening in front of our eyes but given the conversion to chapter 7, an unmotivated trustee (they are struggling to find a way to pay for themselves), there is no due process to bring the important matters in front of the Court. I believe the Court is aware that my insurance proceeds have been improperly stopped so I am also struggling for counsel. Mr. Rajotte is doing the best he can on almost 20 different litigations. Much of these points have been raised in my letters and I'm happy to resend them.

Once again I respectfully ask the Court to schedule a conference of the parties, at its earliest convenience so that the Court has an opportunity to decide if the events that are occurring are proper. Those events are focused on deterioration of potentially assets of the bankruptcy estate.

Thank you and I look forward to your response.

Jeffrey Simpson

Sent from my iPhone

On Oct 17, 2025, at 12:11 PM, Will Jagiello <Will_Jagiello@nysb.uscourts.gov> wrote:

Mr. Simpson,

Thank you for your note and explanation. With respect to the letters sent to chambers, we do not file papers on behalf of case parties. We review all submissions, but we cannot grant relief or properly consider your requests unless you properly file them on the docket of YJ Simco's case. If you are restricted from ECF, you may still file via the *pro se* portal or in-person at the Clerk's Office in the Bankruptcy Court. If you have questions about filing, you may contact the Clerk's Office at (212) 668-2870.

After your request for a conference last week, the Court contacted the chapter 7 Trustee, who agreed that a conference on the record would be prudent. The only time at which the Court and Trustee are both available in the upcoming weeks is at **2 PM on November 5, 2025**, via Zoom. For your convenience, I've attached the Trustee's Notice of Conference to this email.

Thanks,
Will

**Will Jagiello**
**Law Clerk to the Honorable Lisa G. Beckerman**
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green, New York, NY 10004
Direct: (212) 284-4561

**From:** Jeffrey Simpson <jsimpson001@icloud.com>
**Sent:** Friday, October 17, 2025 1:14 PM
**To:** Will Jagiello <Will_Jagiello@nysb.uscourts.gov>
**Cc:** NYSBml_Beckerman's_Chambers <beckerman.chambers@nysb.uscourts.gov>; Benjamin Robert Rajotte <rajb@mllg.nyc>
**Subject:** Re: 25-10437 - YJ Simco LLC - Entry of documents, continued request for Conference

**CAUTION - EXTERNAL:**

Thank you, but contrary to your note below, I was granted permission by Your Honor to send documentation to Chambers. I would not do so without permission, that was granted in the last hearing.

With regards to schedule, the appointment of the trustee, which had bad faith initiatives by Chassen, occurred in May . We are now here six months later and there has been a little to no activity of substance surrounding the deterioration of assets relating to YJ Simco. Since the trustee was appointed, there isn't much we can do and after giving this the college try for months, the only thing left is to beg and plead for your honor's attention to these matters. There are certainly assets that are being expedited with bad intentions under a questionable New York State receivership which likely has implications to this bankruptcy and another, JJ Arch. So two weeks from now is fine, but the question is, is it really?

The trustee has made it clear that they have limited to zero interest in helping any adjudication happen here. So unless there is a change in chapter filing structure, we are tied up possibly indefinitely. So to the extent the court can find time to have a conference at an earlier moment it would be much appreciated. I've raised these issues before your Honor in the past and I was told properly that the documents were not in front of the Court. That was addressed in July and there's only been more since. So I'm not trying to be disrespectful or demanding and I respect the Court's time but I'm simply explaining myself as to where the sense of urgency lives.

Respectfully and thank you.

Jeffrey Simpson

Sent from my iPhone

Mr. Simpson,

November 5 is the earliest date that both the Court and chapter 7 Trustee are available to meet on the record about developments in your case.

While the Court permitted you to send documents in connection with the previous hearing via email to chambers, this was not intended as an ongoing exception to the standard filing requirements. Since July, you have shared various documents and email correspondence, but these have not been accompanied by a clear explanation of the relief that you seek from this forum. *Ex parte* relief (relief without formal notice and opportunity for hearing) may only be granted in certain limited circumstances as outlined by this Court's local rules.

With respect to this email chain and the other *ex parte* communications from the previous week, the Court will compile and upload all that you have shared to the public docket for the awareness of all interested parties. Due to other matters coming before the Court, this may take a few days to accomplish. If you have any questions related to this process or the November 5 conference, I'd be happy to answer them. Otherwise, please comply with the applicable notice and filing requirements when communicating with chambers or requesting intervention in the future.

**Will Jagiello**
**Law Clerk to the Honorable Lisa G. Beckerman**
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green, New York, NY 10004
Direct: (212) 284-4561

| | |
|---|---|
| **From:** | Jeffrey Simpson <jsimpson001@icloud.com> |
| **Sent:** | Wednesday, November 5, 2025 4:10 AM |
| **To:** | Will Jagiello |
| **Cc:** | NYSBml_Beckerman's_Chambers; Benjamin Robert Rajotte; Gary Herbst; gremesser@aol.com; Joshua DiLena; Scott A. Schechter; jkoevary_olshanlaw.com |
| **Subject:** | Re: 25-10437 - YJ Simco LLC - Entry of documents, continued request for Conference |

<mark>**CAUTION - EXTERNAL:**</mark>

In response to the below, I am grateful to the Court for making itself available for today's update Conference.

Since I am not a lawyer, and I have been plagued with destruction of everything around me, it will not be possible for me to have proper representation today but I'm more than comfortable to speak up on my own.   Since YJ Simco was set up as the ultimate owner, on behalf of my family, by me, to own and control JJ Arch and its affiliates which includes Arch Real Estate Holdings.   Mr. Rajotte is not a bankruptcy attorney and is not even a drop in the bucket of what the legal circumstances require here. Of course as an educated and experienced business person I prepared myself with indemnification and insurance. I brought this to light to the courts for 2 years now.   I hope for the greater good of the circumstances herein, that the Court will summon my insurance carriers counsel (KBR) to come to this conference to justify why they stopped coverage for me, and all my affiliates in the midst of the JJ Arch bankruptcy.  I have copied those lawyers here.

In addition, Mr. Koevary has some nerve making an appearance (to attend to try to maliciously attack my home which is not subject to this bankruptcy) when he has no standing and by the letter of the document, I'm actually his client but he thinks that he is going to divert the dialogue today away from the fact that there was fraud on the court (he was included ) and he did not even oppose it to defend his own firm under JJ Arch (it was due on October 28 and there was no opposition to the motion).   I will be more than happy to illustrate how the definitive and clear discovery of the collusive document, the joint defense agreement amongst Jared Chassen and 35 Oak deems moot all the litigation since the very beginning, and I will show how none of this was possible, if the court allows me to.   And given that I Jeffrey Simpson was the only managing member, the only authorized signatory on any document anywhere up and down the corporate structure, this was on purpose, my ultimate controlling ownership is under YJ Simco for a reason.   And when all is compromised, the bankruptcy court is the place to turn for the greater good of creditors and the debtor.

I'll be more than happy to walk the Court through any corporate documents, loan document, the various exhibits that were posted on the docket this past summer.   And if I may establish the ground rules in advance, I respectfully asked for this conference for this purpose.   It was not an opportunity for Jonathan Koevary or the various Oak attorneys to come to the table too shift the courts attention away from the fraud they've committed.   Of course I object to the letter that he sent yesterday and in my humble opinion it has no relevance today.   It's improper, it's a bully tactic, and it is further support of the plans of this group to destroy me and everything around me.   I plead to the various federal courts about this destruction since the malicious intentions of the JJ Arch bankruptcy dismissal (the debtor owns JJ).   The

1

outnumbering and out spending of lawyers to attack with malicious intent, work vigorously until the fraud was exposed and verified without even opposition.

It is my understanding that is for the debtor to establish an agenda in advance of bankruptcy proceedings. The chapter 7 trustee has diminished or dismissed any interest in this case. So that leaves us with me as the debtor to speak up. I hope that we can clarify the circumstances at this conference and have a path forward as contemplated in the filing of this bankruptcy initially. And finally by calling out the contractual insurance obligee that will help bridge the gap in future dialogue, so that the debtor can be properly represented by counsel.

I am aware a lot of this is unusual procedurally but nothing about this case has logic involved or has followed any rules, given the foreign nationals theme of destructing a one billion $ business at all costs, all to save themselves from their contractual obligations.

With respect to the court, I will of course take direction if this agenda will be considered for the conference that I've requested rather than allowing a free-for-all which is typically every part and piece of this litigation for two years now which usually has one focus, how to destroy chef Simpson, all as a decoy to avoid the truth and executed contractual obligations by my former partners.

Thank you and respectfully submitted.

I have copied the parties that are a focal point of this communication and I understand everything here is not an exparte communication. I respectfully ask the Court to circulate via ECF, as I do not have access.

Jeffrey Simpson

Sent from my iPhone

On Oct 17, 2025, at 2:37 PM, Will Jagiello <Will_Jagiello@nysb.uscourts.gov> wrote:

Mr. Simpson,

November 5 is the earliest date that both the Court and chapter 7 Trustee are available to meet on the record about developments in your case.

While the Court permitted you to send documents in connection with the previous hearing via email to chambers, this was not intended as an ongoing exception to the standard filing requirements. Since July, you have shared various documents and email correspondence, but these have not been accompanied by a clear explanation of the relief that you seek from this forum. *Ex parte* relief (relief without formal notice and opportunity for hearing) may only be granted in certain limited circumstances as-outlined by this Court's local rules.

With respect to this email chain and the other *ex parte* communications from the previous week, the Court will compile and upload all that you have shared to the public docket for the awareness of all interested parties. Due to other matters coming before the Court, this may take a few days to accomplish. If you have any questions related to this process or the November 5 conference, I'd be happy to answer them. Otherwise, please comply with the applicable notice and filing requirements when communicating with chambers or requesting intervention in the future.

**Will Jagiello**
**Law Clerk to the Honorable Lisa G. Beckerman**
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green, New York, NY 10004
Direct: (212) 284-4561

---

**From:** Jeffrey Simpson <jsimpson001@icloud.com>
**Sent:** Friday, October 17, 2025 1:14 PM
**To:** Will Jagiello <Will_Jagiello@nysb.uscourts.gov>
**Cc:** NYSBml_Beckerman's_Chambers <beckerman.chambers@nysb.uscourts.gov>; Benjamin Robert Rajotte <rajb@mllg.nyc>
**Subject:** Re: 25-10437 - YJ Simco LLC - Entry of documents, continued request for Conference

**CAUTION - EXTERNAL:**

Thank you, but contrary to your note below, I was granted permission by Your Honor to send documentation to Chambers. I would not do so without permission, that was granted in the last hearing.

With regards to schedule, the appointment of the trustee, which had bad faith initiatives by Chassen, occurred in May . We are now here six months later and there has been a little to no activity of substance surrounding the deterioration of assets relating to YJ Simco. Since the trustee was appointed, there isn't much we can do and after giving this the college try for months, the only thing left is to beg and plead for your honor's attention to these matters. There are certainly assets that are being expedited with bad intentions under a questionableNew York State receivership which likely has implications to this bankruptcy and another, JJ Arch. So two weeks from now is fine, but the question is, is it really?

The trustee has made it clear that they have limited to zero interest in helping any adjudication happen here. So unless there is a change in chapter filing structure, we are tied up possibly indefinitely. So to the extent the court can find time to have a conference at an earlier moment it would be much appreciated. I've raised these issues before your Honor in the past and I was told properly that the documents were not in front of the Court. That was addressed in July and there's only been more since. So I'm not trying to be disrespectful or demanding and I respect the Court's time but I'm simply explaining myself as to where the sense of urgency lives.

Respectfully and thank you.

Jeffrey Simpson

Sent from my iPhone

On Oct 17, 2025, at 12:11 PM, Will Jagiello
<Will_Jagiello@nysb.uscourts.gov> wrote:

Mr. Simpson,

Thank you for your note and explanation. With respect to the letters sent to chambers, we do not file papers on behalf of case parties. We review all submissions, but we cannot grant relief or properly consider your requests unless you properly file them on the docket of YJ Simco's case. If you are restricted from ECF, you may still file via the *pro se* portal or in-person at the Clerk's Office in the Bankruptcy Court. If you have questions about filing, you may contact the Clerk's Office at (212) 668-2870.

After your request for a conference last week, the Court contacted the chapter 7 Trustee, who agreed that a conference on the record would be prudent. The only time at which the Court and Trustee are both available in the upcoming weeks is at **2 PM on November 5, 2025**, via Zoom. For your convenience, I've attached the Trustee's Notice of Conference to this email.

Thanks,
Will

**Will Jagiello**
**Law Clerk to the Honorable Lisa G. Beckerman**
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green, New York, NY 10004
Direct: (212) 284-4561

---

**From:** Jeffrey Simpson <jsimpson001@icloud.com>
**Sent:** Friday, October 17, 2025 6:29 AM
**To:** Will Jagiello <Will_Jagiello@nysb.uscourts.gov>
**Cc:** NYSBml_Beckerman's_Chambers <beckerman.chambers@nysb.uscourts.gov>; Benjamin Robert Rajotte <rajb@mllg.nyc>
**Subject:** Re: 25-10437 - YJ Simco LLC - Entry of documents, continued request for Conference

 **CAUTION - EXTERNAL:**

Good morning, following up on my note from earlier this week I don't believe I saw a response and I did not see anything in ECF.

To clarify your commentary below, the letter that I submitted on July 24, 2025, was an opposition of the motion that was happening during that period of time and unfortunately with my lack of ECF access it appeared after the hearing but Your Honor did suggest that she would look at anything that was put in front of her. The timing was off but the submission happened shortly there afterwards with a long list of attachments supporting the positions. There continues to be deterioration surrounding the assets and there does not seem to be any path to have a voice for protection and for defense.

I submitted several other letters through Chambers and Ms. Fogg. They are addressed to the attention of Your Honor. Those do not appear on ECF and have not received any response whatsoever.

So 90 days has passed, there are serious issues that are happening in front of our eyes but given the conversion to chapter 7, an unmotivated trustee (they are struggling to find a way to pay for themselves), there is no due process to bring the important matters in front of the Court. I believe the Court is aware that my insurance proceeds have been improperly stopped so I am also struggling for counsel. Mr. Rajotte is doing the best he can on almost 20 different litigations. Much of these points have been raised in my letters and I'm happy to resend them.

Once again I respectfully ask the Court to schedule a conference of the parties, at its earliest convenience so that the Court has an opportunity to decide if the events that are occurring are proper. Those events are focused on deterioration of potentially assets of the bankruptcy estate.

Thank you and I look forward to your response.

Jeffrey Simpson

Sent from my iPhone


> On Oct 14, 2025, at 2:38 PM, Jeffrey Simpson <jsimpson001@icloud.com> wrote:
>
> Thank you very much for your response
>
> The letter that I shared initially was to illustrate the lack of information regarding a motion that was in front of the Court. There is a bit of a time gap.
> I've shared several other letters and I will look to my counsel, Mr. Rajotte to chime in but in the ideal world we would have a conference with the Court to deal with some of the various issues that have come up most recently including explicit

fraud and activities that we believe the Court suggested that they would not be permitting under their watch, under chapter 7 . Also we are very limited as to what we can do given that there is a trustee / Chapter 7, but again to the extent that the court is willing to have the dialogue, a check-in via conference would be much appreciated.
Thank you,

Jeff


Jeffrey Simpson

Sent from my iPhone


> On Oct 14, 2025, at 12:18 PM, Will Jagiello <Will_Jagiello@nysb.uscourts.gov> wrote:
>
>
> Mr. Simpson,
>
> The Court has reviewed the letter filing dated July 28, 2025. The filing does not appear to include a motion for relief nor any other formal request. In the absence of a motion filed upon the docket as per the rules and procedures of this Court, we cannot consider any potential relief you may seek. Likewise, any documents that require our review must be submitted along with the motion to which they pertain.
>
> Best,
> Will
>
> **Will Jagiello**
> **Law Clerk to the Honorable Lisa G. Beckerman**
> U.S. Bankruptcy Court for the Southern District of New York
> One Bowling Green, New York, NY 10004
> Direct: (212) 284-4561
>
> ---
> **From:** Jeffrey Simpson <jsimpson001@icloud.com>
> **Sent:** Saturday, October 11, 2025 9:12 AM
> **To:** Austin Park <Austin_Park@nysb.uscourts.gov>
> **Cc:** Taylor Fogg <Taylor_Fogg@nysb.uscourts.gov>;

NYSBml_Beckerman's_Chambers
<beckerman.chambers@nysb.uscourts.gov>; Jacqulyn
Loftin <jsl@lhmlawfirm.com>; Gary Herbst
<gfh@lhmlawfirm.com>; gremesser@aol.com
<gremesser@aol.com>; Benjamin Robert Rajotte
<rajb@mllg.nyc>
**Subject:** Re: 25-10437 - YJ Simco LLC - Entry of
documents

**CAUTION - EXTERNAL:**

This somehow got diverted to my junk pile.

Thank you for your response.   If you look at the
docket, the last substantial entry that has my
name attached to it was a letter with quite a few
attachments.  I did not receive any reply to that
letter from July.

I will share the other letters with you and avoid
the cc to all parties if that's OK so I don't clog up
their inboxes as they already have copies.

Much appreciated.

Jeffrey Simpson

Sent from my iPhone

> On Oct 10, 2025, at 9:22 AM,
> Austin Park
> <Austin_Park@nysb.uscourts.gov
> > wrote:

Good morning Mr. Simpson,

Could you please let us know what
documents you are referring
to?  Are you referring to the three
emails that you sent yesterday at
9:20am?

**Austin Park**
**Law Clerk to the Honorable Lisa**
**G. Beckerman**
U.S. Bankruptcy Court for the

Southern District of New York
One Bowling Green, New York, NY
10004
Direct: (212) 284-4027

---

**From:** Jeffrey Simpson
<jsimpson001@icloud.com>
**Sent:** Friday, October 10, 2025 6:15
AM
**To:** Taylor Fogg
<Taylor_Fogg@nysb.uscourts.gov>
**Cc:** NYSBml_Beckerman's_Chambers
<beckerman.chambers@nysb.uscou
rts.gov>; Jacqulyn Loftin
<jsl@lhmlawfirm.com>; Gary Herbst
<gfh@lhmlawfirm.com>;
gremesser@aol.com
<gremesser@aol.com>; Benjamin
Robert Rajotte <rajb@mllg.nyc>
**Subject:** Re: 25-10437 - YJ Simco LLC
- Entry of documents

CAUTION - EXTERNAL:

Good morning
Following up on previous dialogue,
I've sent a few documents and I
have not seen any of them posted
to the docket.
Absent a formal motion, will Your
Honor consider the letters that I've
shared?  I have not seen any
response but it's possible that it's
not getting to the right place.   This
case at large is changing very
quickly and there's new
information that is relevant to the
stalled position we're in with the
trustee.
If possible a conference call or a
conference would be requested.
Thank you

Jeffrey Simpson

Sent from my iPhone

On Jul 24, 2025, at 11:56 AM, Jeffrey Simpson <jsimpson001@icloud.com> wrote:

Thank you and I'm sorry but I'm unable to do that because I've been unable to get a class that is required to get access to actually do filing for E CF.   Unfortunately it is a requirement and I will keep trying to find an opening but it is not easy to get that access and I'm sorry to ask you or your colleagues to do any administrative work.   And thank you for your help.

Jeffrey Simpson

Sent from my iPhone

On Jul 24, 2025, at 11:52 AM, Taylor Fogg <Taylor_Fogg@nysb.uscourts.gov> wrote:

Hello Mr. Simpson,

I received your voice mail from around 11:00 AM this morning. To correspond with Chambers, please use the beckerman.chambers@nysb.uscourts.gov email address.

Please note that the most appropriate way to file docu

ments on the record is via the ECF platform, rather than through emails to Chambers. We do appreciate courtesy copies emailed after filing, however. Should you have questions regarding filing documents on the ECF platform, please contact the Clerk's Office. Their conta

ct information may be found on the Court's website: https://www.nysb.uscourts.gov/clerks-office.

Best,

**Taylor Fogg**

**Law Clerk to the Honorable Lisa G. Beckerman**

U.S. Bankruptcy Court for the Southern District of New York

One Bowling

Green,
New
York
NY
10004

Direct:
(212)
284-
4561

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise attachments or clicking on links.

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exerc opening attachments or clicking on links.

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution v opening attachments or clicking on links.

<25-10437 - YJ Simco - Notice of Conference.pdf>

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.