UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: YJ SIMCO LLC,<br><br>                    Debtor. | Case #25-10437 (LGB)<br><br>Before the Honorable<br>Lisa G. Beckerman, U.S.B.J. |

## ATTORNEY DECARATION

I, Benjamin Robert Rajotte, Esq., pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that this submission is true and correct to the best of my knowledge, information, and belief, formed after reasonable inquiry.

1. This declaration is respectfully submitted in an attempt to provide background, if not clear up, questions based on how I understood this bankruptcy to have been brought and continued to the point of conversion. This declaration is intended only for context, in the interest of expressing my client's good faith, and not for addressing the substance as to any asset one way or the other.

2. I first spoke with Jeffrey Simpson on or about March 31, 2025.

3. I first spoke with David Goldwasser by email on or about April 3, 2025. The purpose of the email was an introduction by Mr. Simpson. A call was scheduled for the following week. It took place on April 7, 2025.

4. Mr. Simpson entered a written engagement agreement with my firm, coincidentally, on April 7, 2025, as well.

5. Mr. Simpson forwarded me a number of emails between himself and Mr. Goldwasser from before the April 7, 2025 call, and he regularly copied me on emails between himself and Mr. Goldwasser and/or Mr. Goldwasser's team between approximately April 3, 2025 and the May 13, 2025 hearing on the United States Trustee's motion to dismiss or convert the case from Chapter 11 to Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). [ECF Dkt. #7.]

6. The April 7, 2025 teleconference was fundamentally about setting up an internal review process and standards for deciding how to correct the schedules found deficient in this action [*see* ECF Dkt. min. entry, March 10, 2025], including whether or not to amend them to include additional entities. No one on the call disagreed with Mr. Goldwasser's suggestion of a property-by-property assessment.

7. From review of the emails that followed, the entities examined primarily included: (1) those named in *Chassen v. Simpson*, Index #654928/2024 (Sup. Ct. N.Y. County, Comm. Div. 2024); (2) the four "JJ Arch-Controlled Properties," and their associated "JJ Arch-Controlled Entities," that are/were the subject of the receivership in *Simpson v. Chassen*, Index #158055/2023 (Sup. Ct. N.Y. County, Comm. Div. 2023); and (3) the Simpsons' residential properties.

8. Mr. Goldwasser's declaration states: "After the Petition Date, Simpson requested that I file essentially the same schedules of assets that were

filed in the JJ Arch LLC Chapter 11 case in this Debtor's case. I disagreed with that request." [ECF Dkt. #79 ¶11.]

9. This declaration is intended to clarify two points. First, Charles Wertman, Esq., was on the April 7, 2025 call as counsel for YJ Simco LLC ("YJ Simco") as Debtor in this action. Although I do not remember the precipitating circumstances, toward the end of the call, Messrs. Simpson and Wertman began arguing, and Mr. Wertman left the call. I understand that, apart from possible emails, the two have not spoken since. The call ended soon afterward.

10. Mr. Simpson is not an easy client. His impatience, discourtesies, and downright offensiveness at times, however, do not imply ill-intent.[1] YJ Simco's lack of bankruptcy counsel is the other half of the equation. The reason for this procedural posture probably lies somewhere in between them.

11. Second, for completeness, Mr. Goldwasser's statement ought to be read as part of an ongoing dialogue with the Simpsons after the April 7, 2025 call.

12. From reviewing relevant emails on which I was included, on April 21, 2025, I was copied on an email from Mr. Goldwasser to his staff with the subject,

---

[1] The Court understandably may have concerns about his emails' tone and departure from expected process. This is not intended to condone such communications with the Bench or Chambers. Before the Honorable Joel M. Cohen, J.S.C., at the conclusion of the contempt proceeding, the undersigned stated the following: "I've had many, many heated exchanges with Mr. Simpson. Many. And I've said I am offended – I don't think I'm divulging any attorney/client privilege on this – that I am offended as an officer of the court, as a lawyer, at the temerity of emailing judges directly, copying them all and particularly, Your Honor, for how he has characterized Your Honor's presiding over this proceeding. We have spoken about this at length from the very beginning." [NYSCEF Dkt. #2502 at 26.]

"Immediate Action Required – YJ Simco Bankruptcy Schedules Due Tomorrow."

The email stated: "We are at a critical point in the YJ Simco bankruptcy. If we do not finalize and file the appropriate schedules, the case is at risk of dismissal or conversion. We need to complete this now, with total clarity and coordination." Instructions followed. A true and correct copy is attached as Exhibit A.[2]

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 18, 2025<br>Hartford County, Connecticut | MAIDEN LANE LAW GROUP<br><br>_____<br>Benjamin Robert Rajotte, Esq.<br>One Maiden Lane, Suite 900<br>New York, New York 10038<br>(212) 463-6669 \| rajb@mllg.nyc<br><br>*Attorneys for Interested Parties*<br>*Jeffrey and Yael Simpson* |

---

[2] Over the next few days, I was copied on a back-and-forth of emails in which the Simpsons provided a spreadsheet and Schedule K-1s (2002) for various entities. Mr. Goldwasser's team reviewed them, sent back revisions, and sought more information; however, nothing obviously was finalized.