## MEMORANDUM OF LAW IN SUPPORT OF MOTION, DOCKET 81, DATED O1.14.26

Jeffrey Simpson, personally, Pro Se
Managing Member of JJ Arch LLC, YJ Simco LLC, and Personally
1055 Park Avenue
New York, NY 10028

Delivered via email to all parties via ECF via Pro Se e file

| | | |
|---|---|---|
| United States Bankruptcy Court Judge Honorable Beckerman | YJ Simco LLC | (1:25-BK-10437) |
| United States Bankruptcy Trustee Grey M. Zipes | YJ Simco LLC | (1:25-BK-10437) |

Southern District of New York
One Bowling Green
New York, NY, 10004

Re: **Request for Emergency Court Intervention, Breach of Stay, deterioration of assets of estate, update 1.13.26**

## EMERGENCY ACTION REQUEST

## MEMO OF LAW IN SUPPORT OF THE MOTION

## STATEMENT OF ISSUES

YJ Simco LLC (the "Debtor") has assets and liabilities that are being deteriorated in broad daylight with knowledge of the Trustee and the various Courts. USC 543 addresses the requirements for a Receiver, Eric Huebscher (the "Receiver") to turn over assets to a Bankruptcy Trustee, immediately and provide an accounting, this has not happened.

While the Receiver is in place he had a duty to provide "adequate protection" to assets affected by this Chapter filing and he is doing the opposite. He is "fire selling" to unload and leave me with large obligations.

The Receiver has breached 18 USC 2113, in conjunction with Chassen during this bankruptcy proceedings. This law does not allow for assets to be stolen, the Receiver actually handed over assets to Chassen without regard for the law (evidenced in 158055-2023, discovery of Chassen and Huebscher during Receivership). In addition, the Receiver broke this law by soliciting cash funds of approximately $30,000 from Citizen's Bank during the same period of these proceedings, to maliciously cripple the business 1640 Motors LLC.

The Debtor has contractual legal defense through indemnification and insurance. The Debtor and its Affiliates had coverage from Great American Insurance Group (the "Carrier), through the AREH policy, without question and confirmed by acknowledgement via executed engagement letter that approved such coverage by Offit Kurman and by direct payment of the Carrier to the Debtor, in reimbursement. It is unquestionable that I have contractual coverage at any tier of the corp structure, as I endorsed the policy and I fully fit into the definition of C suite coverage, no matter if I was an employee of AREH or not. We also have modified documentation, that supersedes AREH, via a DE entity – Arch Property Holdings 1 LLC. This agreement clearly states that JJ Arch is the only party that can administer the insurance, through its MM, me. A recent ruling, AMC Entertainment Holdings, Inc. V. XL Specialty Insurance Company addresses this issue.

363 (M) Mootness Doctrine – The case has the standards that met these conditions whereby the Joint Defense Agreement was entered into before any litigation commenced. The collusive action sought by Chassen and Oak, is so obvious and conclusive. The day the JDA was released

all should have changed but it did not. Chassen lacked standing to seek a Receiver, as he "resigned" himself countless ways including committing perjury to the bankruptcy Court of JJ Arch, explicitly citing the contract about Resignation.

28 USC 1452 – Fraudulent Joinder – Oak and Chassen created this joinder with their joint defense agreement prior to any litigation. Of Course they withdraw the Debtor from the main NYS action to avoid facing the repercussions of a Removal into the US Bankruptcy Court. Withdrawing the debtor as defendant is a good thing, but not when there are thin lines of the relationships between affiliates and the oppositions motives are in bad faith.

365 (H) L&T - The Tenant, 1640 Motors LLC of 1640 Montauk LLC was not considered or noticed for action for eviction. This Bankruptcy code protects for this.

With regards to NYS Court modifying contracts, without merit, the MAK Tech Holdings case, 2024 illustrates at the highest level of NYS judiciary that contracts cannot be modified as Judge Cohen has done.

Finally, I have filed multiple 1983 actions to protect my civil rights that have been undermined by the NYS Court system in conjunction with a number of the parties here.

It is my understanding that The Court(s) have an obligations to report fraud or misconduct. I cannot speak to if that has occurred yet, but there is an ongoing police investigation and that could impact the actions taken here by the opposition.

**Conclusion:**

The support herein is pursuant to the Motion I submitted to the Court for relief on January 5th, 2026.


Thank You,

Jeffrey Simpson

Water Mill, New York
January 14th, 2026

                                    JEFFREY SIMPSON

                                    By: _Jeffrey Simpson__
                                    Jeffrey Simpson
                                    1055 Park Ave, 4
                                    New York, NY 10028
                                    Jsimpson001@icloud.com

                                    *Pro Se*
                                        *Debtor, party of interest*
                                        *Jeffrey Simpson*