| | |
|---|---|
| **OFFIT KURMAN, P.A.**<br>Jason A. Nagi<br>590 Madison Avenue 6th Fl.<br>New York, New York 10022<br>Telephone: (212) 545 -1900 | <u>**Presentment Date and Time:**</u><br>June 20, 2024, 9:00 a.m.<br><u>**Objection Date and Time:**</u><br>June 17, 2024, 4:00 p.m. |

*Attorneys for Jeffrey Simpson*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re:<br><br>JJ ARCH LLC,<br><br>                    Debtor. | Chapter 11<br>(Subchapter V)<br><br>Case No. 24-10381 (JPM) |

---

## NOTICE OF PRESENTMENT

**PLEASE TAKE NOTICE**, that a hearing will be held before the Honorable John P. Mastando, United States Bankruptcy Judge at the United States Bankruptcy Court, for the Southern District of New York, One Bowling Green, New York, New York on **June 20, 2024 at 9:00 a.m.** ("**Hearing Date**"), or as soon thereafter as counsel may be heard to consider the motion ("**Motion**") of Offit Kurman. P.A. ("**Movant**") for entry of an order authorizing Movant to withdraw as counsel of record to Jeffrey Simpson, a party in interest in the JJ Arch LLC ("**Debtor**") case.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing on the Motion, will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl at least two (2) business days in advance.  unless otherwise instructed by chambers. After the deadline for parties to make electronic appearances passes, parties who have made their electronic appearance through the Court's website will receive an invitation from the Court with the Zoom link that will allow them to attend the Hearing. Requests to receive a Zoom

link will not be made by emailing the Court. Further information on the use of Zoom for Government can be found at the Court's website at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE**, that the Motion may be examined with a password on the Bankruptcy Court's electronic filing system on the Internet at http://www.nyeb.uscourts.gov or by requesting copies from the undersigned counsel for the Debtors at the address set forth below.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the Motion, must be in writing setting forth the facts and authorities upon which an objection is based, filed with the Clerk of the Court, United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004, with a copy to Chambers, provided, however, that pursuant to *general order* No. M-399 re Electronic Case Filing Procedures (as amended from time to time), entities with Internet access shall file objections (formatted with Adobe Acrobat file format) at http://www. nybe.uscourts.gov. and served so as to be received by the attorneys for Jeffrey Simpson, **Offit Kurman, P.A., 590 Madison Avenue, 6th Floor, New York, New York 10022, Attention: Jason A. Nagi, Esq.** (jason.nagi@offitkurman.com) no later than June 17, 2024 at 4:00 PM.

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and received by the Objection Deadline, the Proposed Order may be entered without further notice or a hearing. If an objection is filed, you will be notified of a hearing to consider the requested relief.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Application, Proposed Order, or any pleadings in this case may be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov; or (ii) contacting the Office of the Clerk of the Court at the United States Bankruptcy Court for the Southern District of New York.

Dated: New York, New York
June 3, 2024

**OFFIT KURMAN, P.A.**

<u>*/s/ Jason A. Nagi*</u>
Jason A. Nagi
590 Madison Avenue 6th Fl.
New York, New York 10022
Telephone: (212) 545-1900
jason.nagi@offitkurman.com
*Attorneys for Jeffrey Simpson*

| | |
|---|---|
| **OFFIT KURMAN, P.A.**<br>Jason A. Nagi<br>590 Madison Avenue 6th Fl.<br>New York, New York 10022<br>Telephone: (212) 545 -1900 | **Presentment Date and Time:**<br>June 20, 2024 at 9:00 a.m.<br><u>**Objection Date and Time:**</u><br>June 17, 2024 at 4:00 p.m. |

*Attorneys for Jeffrey Simpson*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

In re:

JJ ARCH LLC,

                              Debtor.

-----------------------------------------------------------------

Chapter 11
(Subchapter V)

Case No. 24-10381 (JPM)

## MOTION FOR ENTRY OF AN ORDER AUTHORIZING
## OFFIT KURMAN, P.A. TO WITHDRAW AS COUNSEL
## OF RECORD TO JEFFREY SIMPSON

      Offit Kurman P.A. ("**Movant**") seeks the entry of an order, a proposed form of which is annexed to this application as **Exhibit A**, pursuant to Local Bankruptcy Rule 2090-1 authorizing Movant to withdraw as counsel of record to Jeffrey Simpson, a party in interest in the JJ Arch LLC ("**Debtor**") chapter 11 case. Movant does not believe that it can ethically continue representing Mr. Simpson and in support of its motion to withdraw, states as follows:

### JURISDICTION AND VENUE

      1.     The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§157 and 1334, and the *Referral of Matters to the Bankruptcy Judges* (E.D.N.Y. Dec. 5, 2012) (Bagley, C.J.).

      2.     This is a core proceeding arising under title 11 of the United States Code. See 28 U.S.C. §157(b). The statutory predicate for the relief sought is Local Bankruptcy Rule 2090-1.

      3.     Venue is proper before this Court pursuant to 28 U.S.C §1408.

## BACKGROUND

4. On March 7, 2024 (the "**Petition Date**"), the Debtor commenced its chapter 11 bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to manage its business as a debtor in possession.

5. Movant provided legal services to Mr. Simpson in the Debtor's case, including in connection with (1) the motion to dismiss the case filed on behalf of Jared Chassen (the "**Dismissal Motion**"), (2) the motion to shorten notice of the Dismissal Motion, (3) the motion to expand the powers of the Subchapter V Trustee filed on behalf of various non-parties (the "**Expansion Motion**"), (4) the motion for relief from stay or modifying the automatic stay filed by Jared Chassen (the "**Lift Stay Motion**"), (5) the motion to shorten notice of same, and (6) the motion for remand (the "**Remand Motion**") filed by Jared Chassen. In order to protect Mr. Simpson's interests, Movant has filed opposition to the various motions and appeared and argued before this court at various hearings held on the above motions.

6. Over the past several weeks, the relationship between Movant and Mr. Simpson has become untenable, deteriorating to a point where Movant is no longer able to effectively represent Mr. Simpson.

7. In terms of the status of the Debtor's case, the Dismissal Motion has been adjourned, the Expansion Motion has been adjourned, the Lift Stay Motion has been mooted by removal of a litigation pending in New York County Supreme Court, and the Remand Motion has been fully briefed and is pending, *sub judice*.

8. At this juncture, there is an irreparable breakdown in Movant's relationship with Mr. Simpson, which has deteriorated to the point that Movant submits it cannot be repaired.

# RELIEF REQUESTED

9. By this Motion, Movant seeks to withdraw as counsel of record to Mr. Simpson.

# BASIS FOR RELIEF

10. Local Bankruptcy Rule 2090-1(d) provides that:

> An attorney who has (i) filed a bankruptcy case on behalf of a debtor, (ii) been authorized to be retained or (iii) has appeared as the attorney of record for any party in any case or adversary proceeding may not withdraw or be relieved or displaced except by order after notice to the party represented, any adversaries (if applicable), the United States trustee and the trustee. An application for such an order shall include a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including the status of any pending matters.

11. Movant has cause to withdraw from its representation of Mr. Simpson pursuant to the New York Rules of Professional Conduct, which permits a lawyer to withdraw from representing a client for a variety of bases including where the client: "insists upon taking action with which the lawyer has a fundamental disagreement" and "fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." New York Rules of Professional Conduct 1.16(c)(4) and (7).

12. Fundamental disagreements concerning Mr. Simpson's representation have resulted in a breakdown in the attorney-client relationship, making it unreasonably difficult for Movant to carry out its representation of Mr. Simpson effectively. Consequently, Movant is unable to continue in its representation of Mr. Simpson in this case and in the pending adversary proceeding.

13. Movant is, however, prepared to and will continue to act as counsel to Mr. Simpson in accordance with its fiduciary obligations until an order is entered approving Movant's withdrawal.

14. This Court's local rules as well as Rule 1.16 (d) of the New York Rules of

Professional Conduct require that Movant seek permission from the Bankruptcy Court for the relief requested. Specifically, Rule 1.16 (d) of the New York Rules of Professional Conduct provides that:

> If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a matter before that tribunal without its permission. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

15.     Movant submits that withdrawal is warranted in this instance as there has been a breakdown in the attorney-client relationship that cannot be repaired, rendering Movant's services impossible to perform on Mr. Simpson's behalf in any effective manner. *See, e.g., Bok v. Werner*, 9 A.D.3d 318, 780 N.Y.S. 2d 332 (1st Dep't 2004) (reversing denial of motion to withdraw as counsel noting that "counsel established that the client's conduct … made it unreasonably difficult for appellant to represent him effectively.") *Generale Bank v. Wassel*, 1992 U.S. Dist. LEXIS 2001, at *1 (S.D.N.Y February 24, 1992) (attorney may properly withdraw from representation when there is "an irreconcilable conflict between [the] attorney and client").

16.     Accordingly, Movant submits that pursuant to LBR 2090-1(d) and Rule 1.16 of the New York Rules of Professional Conduct, it has displayed satisfactory reasons to withdraw as counsel of record to Mr. Simpson.

**WHEREFORE**, Movant respectfully requests that this Court authorize Movant to withdraw as counsel of record to Mr. Simpson.

Dated: New York, New York
June 3, 2024

**OFFIT KURMAN, P.A.**

*/s/ Jason A. Nagi*
Jason A. Nagi
590 Madison Avenue 6th Fl.
New York, New York 10022
Telephone: (212) 545-1900
jason.nagi@offitkurman.com

*Attorneys for Jeffrey Simpson*

# EXHIBIT A

**OFFIT KURMAN, P.A.**
Jason A. Nagi
590 Madison Avenue 6th Fl.
New York, New York 10022
Telephone: (212) 545 -1900

*Attorneys for Jeffrey Simpson*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

In re:

JJ ARCH LLC,

                        Debtor.

---------------------------------------------------------------

Chapter 11
(Subchapter V)

Case No. 24-10381 (JPM)

# ORDER AUTHORIZING OFFIT KURMAN, P.A. TO WITHDRAW AS COUNSEL OF RECORD TO JEFFREY SIMPSON

**UPON** the motion dated June 3, 2024 (the "**Motion**") of Offit Kurman P.A. ("**Movant**") seeking the entry of an order pursuant to Local Bankruptcy Rule 2090-1 authorizing Movant to withdraw as counsel of record to Jeffrey Simpson; and a hearing on the Motion having come to be heard on June 20, 2024; and Movant appearing on its own behalf; and such other parties whose identities are reflected in the record of the hearing having been heard with respect thereto; and it appearing that due and sufficient cause appearing therefor, it is

**ORDERED**, that the Motion is granted and, pursuant to Local Bankruptcy Rule 2090-1(d), Movant is relieved of its obligations as counsel of record to Jeffrey Simpson in this case (Case No. 24-10381 (JPM)) and in the pending adversary proceeding (Case No. 24-1335 (JPM)).

                                                                                 _____

                                                                                     SO ORDERED

**OFFIT KURMAN, P.A.**
Jason A. Nagi
590 Madison Avenue 6th Fl.
New York, New York 10022
Telephone: (212) 545 -1900
*Attorneys for Jeffrey Simpson*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

In re:

JJ ARCH LLC,

Debtor.

-------------------------------------------------------------------

Chapter 11
(Subchapter V)

Case No. 24-10381 (JPM)

**DECLARATION IN SUPPORT OF MOTION
FOR ENTRY OF AN ORDER AUTHORIZING
OFFIT KURMAN, P.A. TO WITHDRAW AS
COUNSEL OF RECORD
TO JEFFREY SIMPSON**

**JASON A. NAGI** declares, under penalty of perjury:

1. I am a principal at Offit Kurman, P.A. ("**Movant**").

2. I submit this declaration in support of Movant's Motion for Entry of an Order Authorizing Offit Kurman P.A. to Withdraw as Counsel of Record to Jeffrey Simpson (the "**Motion**").

3. I have reviewed the Motion and hereby affirm that the statements made in the Motion are true to the best of my knowledge, information and belief.

4. As set forth in the Motion, Movant is seeking to withdraw from representing Jeffrey Simpson because of a breakdown in the attorney-client relationship making it unreasonably difficult for Movant to carry out its representation of Mr. Simpson effectively. Consequently, Movant is unable to continue in its representation of Mr. Simpson in this case (Case No. 24-10381 (JPM)) and in the pending adversary proceeding (Case No. 24-1335

(JPM)).

I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

Dated: New York, New York
      June 3, 2024

**OFFIT KURMAN, P.A.**

*/s/ Jason A. Nagi*
Jason A. Nagi
590 Madison Avenue 6th Fl.
New York, New York 10022
Telephone: (212) 545-1900
jason.nagi@offitkurman.com

*Attorneys for Jeffrey Simpson*

4889-3224-3902, v. 3